## OSBORNE v. ENDICOTT.

A party making a deed is not estopped, as between the original parties to it, by recitals unnecessary to the conveyance.

A plaintiff's recovery cannot be barred by the Statute of Frauds, unless the statute be pleaded.

Where land is purchased in the name of one person, and the consideration is paid by another, a trust immediately rises, and the person in whose name the conveyance is taken, is deemed in law to hold as trustee for the one furnishing the money.

In order to create such a trust, the facts need not appear affirmatively on the face of the deed, but may be proved by any note or memorandum in writing of the nominal purchaser, even though he plead the Statute of Frauds.

APPEAL from the District Court of the Fourth Judicial District.

This was an action brought to compel the sale of a certain lot in San Francisco, and a division of the proceeds between the plaintiff and the defendant Endicott.

It appears from the evidence, that in 1849 the defendant, James B. Endicott, consigned certain merchandise to the plaintiff, T. W. Osborne, with authority to dispose of the same, and invest the proceeds in such manner as the plaintiff might see fit for the joint account of the plaintiff and Endicott. The plaintiff, when he sold the merchandise, was in partnership with S. Brannan, doing business under the firm name of Brannan & Osborne. This firm sold the goods, received the money, and invested it in the purchase of the lot in question, paying therefor $1,900, and took a conveyance in the name of S. Brannan and T. W. Osborne. Shortly after, Brannan conveyed his interest to Osborne, who, on March 1, 1852, executed a conveyance to the defendant, Endicott, and delivered it to George Endicott, as the agent of J. B. Endicott, who resided in China. This conveyance, immediately after the description of the lot, contains the following recital: " (Said lot having been purchased by me at auction sale of water lots, made by John W. Geary, Alcalde, under authority of grant from Gen. Kearny,) and held in trust for said James B. Endicott until this time."

The plaintiff claims that the purchase was originally made for the joint benefit of himself and the defendant Endicott, in pursuance of the authority given by the latter to plaintiff for that purpose, and that the conveyance to the defendant, Endicott, was made with the express understanding that the defendant was to hold it in trust, and that when sold, the proceeds were to be equally divided, according to the original agreement. The evidence on this point consisted of letters to plaintiff from defendant, Endicott.

The Court below declined to pass upon the question of fact, and gave judgment for the defendant on the following grounds:

1st. That the agreement claimed by the plaintiff to have been made with the defendant Endicott, through George Endicott, at the time of the execution of the deed to defendant Endicott, is within the Statute of Frauds, and void.

2d. That by the recitals in said deed, the plaintiff is estopped from setting up such agreement.

3d. That parol evidence to vary or contradict said deed, is inadmissible.

The plaintiff appealed.

*Hoge* for Appellants.

*First.* As to the estoppel.

The deed in this case contains none of the essentials of an estoppel. It is a general and loose recital of a matter not necessary to the validity of the deed; the party's attention is not particularly drawn to it, the statement not of a particular fact, and inconsiderately made. The action is not brought on the instrument itself, but the question comes up collaterally as evidence; there is no plea of estoppel; the matter is, therefore, at large, and may be decided according to the truth, and particularly so as the case is in equity.

The case of Carpenter *v.* Bulla, 211, 8 Mes. and W., cited by the other side, is directly in point to the above position, and also the case of Huntingden *v.* Haven, 5 Johns. Ch. C., 23, &c., cited in note to foregoing case; nor is the fact relied upon by complainant, of his interest, repugnant to the recital. See last case. The recital is true, and yet consistent with complainant's position.

That a party is not estopped from showing truth when no plea of estoppel is made, in addition to the case in Mes. and W. before cited, see also Voight *v.* Winch, 2 Barnwall & Alderson, 662; Bowman *v.* Royster *et al.* 2 Adol. & Ellis, 295, (29, E. C. L. 98.)

The case of Sheley *v.* Wright, cited on the other side, Will. 9, is one directly on the bond itself, where the recital was not only material but was the foundation of the whole proceeding.

In this case, if there is no trust which can be enforced, does it not appear from the whole case that Osborne parted with his interest without consideration, and has he not an equity entitling him to claim compensation to the amount of his interest in the proceeds of the lot? See Leman *v.* Whitly, 4 Russell Ch., 423, (4 E. Ch. Rep.)

That the thing to be an estoppel must be precisely and directly alleged, and not a mere matter of supposal, also appears in the case of Right *v.* Barkwell *et al.*, 2 Barn. & Adol., 278; 22 E. C. L., a case also cited on the other side.

This being a question between the original parties to the trust, Endicott could not have been misled by the recital, because he had necessarily the means of knowing the truth. He knew at the very time Osborne was executing and delivering the deed to his agent George Endicott, that he claimed an interest, and that the deed was not intended to operate upon that interest. Nor is it pretended that Endicott's action was affected by the recital, or that his position or rights were affected. The deed was merely intended, and so understood by the parties, to pass the legal title, the equities being left as they originally stood.

2. As to the Statute of Frauds.

1. The party must set up and rely upon the statute as a defence, in order to be entitled to the benefit of its provisions, which is not done in this case.    It is unnecessary to cite authorities to this proposition. Such is the uniform doctrine of Courts of Equity.    The contract, although by parol, is neither immoral nor void under the law.    The statute is a weapon of defence which the party- entitled may or may not use for his protection.    If he does not specially by plea or answer set it up and rely upon it as a defence, he waives its benefit, and the Court will decide upon the right of the parties under the evidence.

*Second.*    This case is not within the Statute of Frauds.

1. It is the case of a resulting trust, specially excepted from the operation of the statute.

2. There is written evidence taking the case out of the statute.

As to the resulting trust.

Endicott furnished the funds—Osborne the skill, judgment, labor, and attention to the whole business.    These united were to be invested for the joint account and benefit of the parties.    This was done, the title being taken in the name of Osborne alone.    A trust results to the benefit of Endicott, which he could have enforced.    If the title had been taken in the name of Endicott originally, the same result would have followed.    Osborne contributed what was equivalent to money.    Any valuable consideration being sufficient.    See Kennedy *v.* Kennedy, 2 Ala., 371 ; Malin *v.* Malin, 1 Wendell, 625.

The doctrine of resulting trusts in favor of the party advancing the purchase money in whole or in part, upon a joint or several purchase, is perfectly well settled.    Dart on Vendors, 433 to 436 inc.; 3 Sugden, 173 to 181 and notes ; Boyd *v.* McLean, 1 Johns. Ch. R., 582.

There is written evidence taking the case out of the statute, showing an express trust.    Peters C. C. R., 364, 366.    The letters contained in the record, both before and after the purchase, clearly show the contract between the parties.

It is not necessary under the Statute of Frauds, that a trust should be created by writing ; it is sufficient that it be *manifested* and *proved* by writing ; a trust may be *declared* either *before* or after a conveyance absolute on its face.

In 3d Sugden, 170, § 17, it is said :

" When two persons purchase an estate and the conveyance is taken in the name of one of them, the trust may be proved by letters written subsequently to the purchase ; the Statute of Frauds does not require that a trust shall be *created* by a writing, but that it shall be manifested and proved by writing ; which means that there should be evidence in writing, proving that there was such a trust."

So in Dart on V. and P., 435 : " There is this distinction between agreements and declarations of trust—in the one, it is the agreement itself, which is the origin of the interest, that must be in writing ; in the case of a declaration of trust, which is only the recognition of a pre-existing interest—it is the evidence of recognition, and not the origin of the transaction, which must be in writing ; and, of course, it

is not necessary that the party seeking to enforce the declaration trust should himself have been a party to it."

The same doctrine is laid down in the case of Malin v. Malin, 1 Wendell, 625, before cited.

So if there is some written evidence inconsistent with the fact that the supposed purchaser was the actual purchaser, further evidence by parol is admissible to prove the truth of the transaction. 3 Sugden on Vendors, 189, § 9; Cripps v. Lee.; 4 Brown's Ch. 472; 4 Russell E. Ch., 423.

*Halleck, Peachy, Billings and Park* for Respondents.

*First.* There was no error in the conclusion of the Court below, that the plaintiff was estopped by the recital from denying the truth of the fact recited.

I. The recital has all the requisites essential to a valid estoppel.

1. The fact is recited particularly, and not in general terms. 1 G. Ev., § 26; Doddington's Case, 1 Coke, 522; 1 Saund., 215, note 2; Hosier v. Searle, 2 B. & P., 299; Bensly v. Burden, 2 B. & A., 75; Shelly v. Wright, 1 Wil., 9.

2. The recital is *certain* and not in the alternative. Right v. Bucknell, 2 B. & A., 75.

3. The recital is not *collateral* to the action, but both the recital and the action relate to the same subject matter, to wit: the land and the title to it. Carpenter v. Buller, 8 Mees. & W., 212.

4. The recital relates to a matter to which the attention of the party must be supposed to have been particularly directed. 1 G. Ev., 35, and the cases there cited.

II. Similar recitals have been adjudged to be estoppels by the Courts in England and this country. 1 Salk., 286, Ford v. Gray; 1 Pet., 2, Carver v. Johnson; 2 A. & E., 96, Bowman v. Taylor; Com. L., 214, Lainson v. Tremere; Bensly v. Burden, 5 Russ. Ch. R., cited in 22 Com. L. 75; 1 Willes, 9, Shelly v. Wright; Stow et als. v. Wyse, 7 Con. 214; Parker et als. v. Smith et als., 17 Mass., 414; Cutler v. Dickenson, 8 Pick., 387; Heard v. Hall, 16 Pick., 457; Smith et als. v. Pratt, 9 John., 306; Green v. Blake, 13 Vt., 158; Fitch et als. Exs. v. Baldwin, 17 John., 161; Barber v. Harris, 15 Wend., 615; Allen v. Lucket, 3 J. J. Marsh, 167; Cox v. Lacey, 3 Littell, 335; 4 Denio, 480, Chatauque Bank v. Risley; Wiles v. Woodard, 4 Law & Eq., 510; Tartar v. Hall, 3 Cal., 263.

*Second.* There was no error in the conclusion of the Court below that the trust which the plaintiff alleged and offered to prove, was within the Statute of Frauds.

None of the paper testimony introduced by the plaintiff tended to prove a " creation " or " declaration " of the trust *alleged*, in writing.

The only proof tending to establish the trust alleged, was the testimony of Haven as to what was *said* by G. Endicott to plaintiff twenty days after the delivery of the deed to him for the defendant J. B. Endicott; and this testimony was inadmissible, not only by reason of the

Statute of Frauds, (6 Pick., 517, Griswold *v.* Messenger,) but on the further ground that George Endicott was not the defendant's agent in that behalf at the time.    G. Ev., 1, §§ 113, 114; 1 Cal., 459, Innes *v.* Senator.

There was no evidence tending to prove that Osborne paid any part of the original purchase money of the lot to the city, and none to prove that the conveyance by plaintiff to Endicott was without consideration; and evidence would have been inadmissible, had it been offered for that purpose.    G. Ev., 1, § 35, note; Beach *v.* Packard, 10 Vt., 96; 1 Greenl. Rep., 5, note, Steele *v.* Adams; Leman *v.* Whitney, 4 Russ., Ky.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The opinion of the Court below is based upon two propositions; first, that plaintiff is estopped by the recital of his deed to the defendant; and second, that the trust sought to be established is within the Statute of Frauds.

The general rule of law is, that recitals in a deed bind all persons who are parties or privies thereto; but this rule does not extend to that which is mere description, or an averment which is not essential. The doctrine of estoppels has always been construed with great strictness, because loose statements or recitals may often, so far from expressing the truth, (which no one should be permitted to deny,) exclude the party from setting it up.

Testing the present case by this rule, the correctness of which I apprehend no one will deny, how can it be said that the plaintiff is estopped by the recital in his deed to Endicott " that he held the lot in question for him." The recital was not necessary for the purposes of the conveyance; the exact facts of the case were within the knowledge of the party taking it; no new parties have intervened to change the character of the transaction; no surprise, fraud, or imposition has been practiced, and in fact the recital is not attacked by this proceeding. Osborne did hold the lot in trust for the defendant, being himself entitled to a certain interest which he now seeks to maintain.    We have examined all the authorities cited by the respondents, and can find none that would warrant us in holding the present plaintiff estopped by his conveyance.

Upon the second point, it is equally clear that the plaintiff's recovery is not barred : First, because the Statute of Frauds is not pleaded; and second, because this is not a case within the statute, but a resulting trust, or trust by operation of law, which is expressly excepted by the statute.

It is a well recognized principle, that where, upon the purchase of real property, the conveyance of the legal estate is taken in the name of a third person and the consideration is paid by another, a trust immediately arises, and the person in whose name the conveyance is taken, is deemed in law to hold as the trustee for the one furnishing the mo-

ney. So, if two furnish the purchase money, or one money and the other skill, and the deed be taken in the name of one, he will be held to be a trustee for the other.

In order to create such a trust, it is not necessary in all cases that it should appear affirmatively upon the face of the deed that the money was not furnished by the nominal purchaser; but the same may be proved by any note or memorandum in writing of the nominal purchaser admitting the fact, even though he plead the Statute of Frauds. Sanders on Uses and Trusts, 323.

A distinction is to be observed between the seventh section of the statute 29 Charles II, chap. 3d, and our statute. The former provides that "all declarations or creations of trusts, etc., shall be manifested and proved by some writing signed by the party, etc.;" upon which it was held, that a trust may be created by parol, and the statute fully complied with by establishing it by written evidence; while ours requires that every trust should be created by deed in writing, or by operation of law. So that the difference consists in this, that in the former, they must be proved in a certain way—in the latter, they must be created in a particular manner.

Before the passage of the English statute, trusts were created (except, probably, in a few cases) and proved by parol; and after the statute, resulting trusts, or trusts by operation of law, were held to be excepted from the operation of the rule. Our statute does not change the common law on this subject, and trusts of this nature may be proved as they could have been before its passage. (Greenleaf on Evidence, section 266.)

On the trial of this cause, the Court below rejected certain evidence which should have been admitted under our view of the case; and inasmuch as the Court seems to have based its judgment upon conclusions of law, and has not found the facts, the cause is remanded, with directions to proceed and determine it according to opinion above expressed.