## NATHAN RHINE v. ELLE ELLEN.

EVIDENCE AS TO CONSIDERATION NAMED IN A DEED.—In a personal action brought by the grantor to recover the purchase money of real estate conveyed by a deed by the plaintiff to the defendant, where the action is not founded on an express promise or covenant to pay contained in the deed, the defendant, for the purpose of defeating the recovery, may plead and show by parol evidence that the consideration named in the deed was not to be paid at all, or that the consideration named in the deed was not the real consideration to be paid. The defendant may prove the real consideration, as between him and the plaintiff, upon which the conveyance was made.

PAROL TESTIMONY AS TO WORDS IN A DEED.—The operative words of conveyance and the covenants in a deed cannot be contradicted by parol testimony, but the acknowledgment of payment of the consideration, and of its amount, may be contradicted.

HOW FAR A DEED IS AN ESTOPPEL.—So far as a deed is intended to pass or extinguish a right, it is the exclusive evidence of the contract, and the party is concluded by its terms; but the deed is not conclusive evidence of the existence of facts acknowledged in the instrument, such as its date, acknowledgment of payment, consideration, etc.

RECONVEYANCE OF PROPERTY.—If the grantee of land agrees by parol with the grantor that he may keep the land and work it one year, and at the end of the year make his election whether he will keep it and pay the purchase money or restore it to the grantor, the grantee is in time to avoid payment of the purchase money if on the first day after the end of the year he notifies the grantor of his election, and tenders him or his agent a deed of the property.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The Court gave the defendant judgment for his costs, but not for any moneys expended by him on the property. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*S. & George E. Williams*, for Appellant.

That the sum of four thousand dollars was one of the considerations for the execution of the deed, is not denied by the answer. The other considerations set up by respondent were agreed upon before the execution of the deed. The parties then executed the deed, and did not express these agreements. Shall not the rule of law apply, that where parties have entered into a written agreement, that it is the highest evidence of the contract, and that parol evidence cannot be admitted except to explain some ambiguity appearing upon the face of the instrument? If the deed had said for other considerations, then parol evidence might have been admitted to show what these considerations were, provided they did not go to limit or defeat the operation of the deed, which was the effect of the considerations sought to be proved in this case. (See *Howes* v. *Barker*, 3 Johns. 508; *Maigley* v. *Hauer*, 7 Johns. 341.)

In the case of *Peck* v. *Vandenburg*, 30 Cal. 22, this question was very elaborately considered by Mr. Justice SAWYER, but the other Judges did not consider it necessary for the decision of that case that the question should be decided. Mr. Justice SAWYER arrived at the conclusion in that case that parol evidence is admissible to show a different consideration from that expressed in the deed, but that parol evidence cannot be received to prove anything which would go to defeat the conveyance. It is unnecessary for us to enter into a long discussion of the question of proving a different species of consideration more than to say that the distinction taken by Mr. Justice Spencer in *Sheplard* v. *Little*, 14 Johns. 210, and in *Bowen* v. *Bell*, 20 Johns. 338, seems to be founded in better reason than the rule in *McCrea* v. *Purmort*, 16 Wend. To

allow parties to prove a different species of consideration is great inducement to perjury.

This brings us to the consideration of the second part of the proposition above stated, to wit: "Can such evidence be admitted to the extent of proving as considerations agreements made before the execution of the deed, and which would tend to defeat the operation of the deed according to the purposes therein designated."

The deed upon the face of it is a deed of bargain and sale, and conveys all the title of appellant, without reservation or condition. Suppose that you incorporate into the deed the agreements contained in the answer; it is nowhere stated in the answer that respondent ever agreed that he would reconvey the property to appellant. The respondent, however, states in his evidence: "And if I wanted to keep it at the end of the year, I was to pay him four thousand dollars for it; if not, I was to give it back to him, and he was to pay me all the expenses I had been to." What would be the effect upon the deed to incorporate such agreements into it? Would it not clearly change it into a conditional conveyance, and make the estate of the grantee liable to be defeated upon his failure to elect, at the end of one year, to take the property and pay the four thousand dollars? And is not this exactly what the respondent claims was the effect of these parol agreements? Does he not say that at the end of the year he did elect not to retain the property, and that thereby his title was defeated, and the appellant became entitled to a reconveyance of the property? In other words, that as soon as the respondent elected not to take the property, and no reconveyance being made, that the appellant could have brought his action to compel a reconveyance, setting up the deed and these parol agreements set forth in the answer. That appellant could not have maintained such an action on these parol agreements, it seems to us scarcely to require argument or authority to show. Parol evidence can be admitted to defeat a deed only where mistake or fraud is alleged. (*Moore* v. *Shattuck,* 4 N. H. 232; *Grant* v. *Town-*

*send*, 2 Hill, 557.   See, also, *Leman* v. *Whitby*, 4 Russell, 423; *Flint* v. *Sheldon*, 13 Mass. 442.)

*Wilson & Crittenden*, also for Appellant.

We do not see on what principle the agreement can be regarded for any purpose.   It is clearly invalid, and its exclusion as evidence is the necessary consequence of its invalidity.   It is invalid not only because it contradicts the deed, but because it attempts to create an interest in and declare a trust concerning land.   The statute provides that no such interest or trust shall be created or declared, unless by act or operation of law or by deed or conveyance in writing.   Under this provision, where the question is one of contract, the only legal evidence is a deed or conveyance, and a mere verbal agreement is inadmissible.   The question here is purely one of contract, and in order to sustain the position of the defendant, it will be necessary to reverse the statute.   He admits that in a certain event he was to be liable to pay, but says in effect that there was a verbal agreement under which he had the right to consider himself as trustee for the plaintiff, and not as purchaser on his own account.   His liability was to depend on the exercise of a privilege secured to him as a part of this agreement, and the agreement must, of course, be received or rejected as a whole. The statute clearly requires its rejection, and we think the Court will have no difficulty in coming to this conclusion. The case of *Sherburne* v. *Fuller*, 5 Mass. 133, is directly in point in support of the principle involved.   (See, also, *Worrell* v. *Munn*, 5 N. Y. 229; *Wright* v. *Weeks*, 25 N. Y. 153; *Rose* v. *Leonard*, 14 Mass. 154; *Warren* v. *Miller*, 38 Maine, 108; *Hoovy* v. *Holcombe*, 11 Ill. 660; *Powell* v. *M. and B. Man. Co.*, 3 Mason, 347.)

*George G. Blanchard*, for Respondent.

The inquiry is as to what may be proved by parol in respect to the consideration for a deed of conveyance.   In

the case of *Peck* v. *Vandenburg*, 30 Cal., this question was considered by Mr. Justice SAWYER, who has presented all the authorities in support of the rule in *McCrea* v. *Purmort*, reported in 16 Wend., and which is evidently the accepted doctrine at the present time. It is essential to the validity of every deed that there be a grantee willing to accept it. (*Church* v. *Gilman*, 15 Wend. 661; 20 Johns. 187.) Also, the delivery of a deed may be conditional, and if conditional, the condition controls the fact of delivery, (*Jackson* v. *Dunlap*, 1 Johns. Cas. 116,) and the grantee can only be held in accordance with the conditions of his acceptance. (*Jackson* v. *Dunlap*, 1 Johns. Cas. 116.) In *McCrea* v. *Purmort*, 16 Wend. 460, it is considered as the American doctrine that the only effect of a consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration, and for every other purpose it is open to explanation, and may be varied by parol proof. Also, *Davenport* v. *Mason*, 15 Mass. 89, is to the same point. In the first of these cases the consideration expressed in the deed was money, and the proof allowed was that the real consideration was iron of a specified quality.

It is said by counsel for appellant that the facts of the cases in *Leman* v. *Whitby*, 4 Russell, 423, and *Russ* v. *Mebius*, 16 Cal. 356, involve the same questions to be decided here, and that they are analogous cases; but it will be found, on examination of those cases, that there is no similarity in the facts. In *Russ* v. *Mebius* we find the doctrine that no resulting trust can be raised in opposition to the terms of the conveyance in favor of a grantor; but this does not affect this case, for here a grantor is endeavoring to recover a consideration expressed in a deed, against the admitted fact that the grantee was to pay nothing.

It seems scarcely necessary to review the various authorities the counsel have referred to to prove that parol evidence cannot be given to vary the terms of a written agreement, for we are not disposed to question the soundness of the general principles laid down in those cases; but simply to deny that

respondent affects to alter or change the language of the instrument under consideration by parol, but only asks that the instrument may be regarded in the light the parties intended it should at the time of its execution, and in which it was received. The consideration of this case involves a principle of a good deal of importance in many of the business operations throughout the State; and that instruments of this kind are being executed every day to secure objects for purposes entirely at variance with the theory of this case, as viewed by appellant's counsel.

By the Court, SAWYER, C. J.:

On the first of March, 1866, the plaintiff, being in possession of a tract of land and a gold bearing quartz vein situate in the County of El Dorado, and known as the "Hermitage Ranch" and "Hermitage Quartz Mine," conveyed the same, by deed duly executed and acknowledged, to Elle Ellen, of said county, defendant in this action, James F. Eddy, of San Francisco, and Charles Harris, Charles S. Maguire, and Benjamin Dickerson, Jr., of the State of Massachusetts, in the proportions of one half to Dickerson, and one eighth each to the other grantees. The conveyance is by deed of grant, bargain, and sale, and purports on its face to have been made "for and in consideration of thirty-two thousand dollars, lawful money of the United States, to him in hand paid, the receipt whereof is hereby acknowledged at, or before, the ensealing and delivery of these presents." This action is to recover of defendant, Ellen, four thousand dollars, the amount of the purchase money corresponding to the proportion of one eighth conveyed to Ellen, which the plaintiff alleges, has never been paid. The plaintiff, in his complaint, alleges the contract to be somewhat different from what it would be upon the construction of the instrument itself. Instead of the consideration being an entire sum paid by all the grantees jointly, it alleges, in effect, that the share of each grantee was sold separately for a corresponding portion

of the consideration, and that each party agreed to pay his proportion, and no more, and that defendant's portion is four thousand dollars in gold coin, and no more, he not being liable for any portion due from his cotenants, and they not being liable for his. It alleges that the other grantees have paid their portions, respectively, but that defendant, Ellen, notwithstanding the acknowledgment of payment in said deed, has never paid his share of four thousand dollars, nor any part thereof. He asks judgment for the amount due.

The answer denies the contract or consideration to be as alleged in the complaint, and alleges that the agreement between him and the plaintiff was, substantially, that defendant should take the share conveyed to him and manage and control it as he should see fit for a period of one year from the 2d of March, 1866; and if, at the expiration of said year, the defendant should elect to retain said one eighth, then he should pay to plaintiff the sum of four thousand dollars; but if said defendant, at the expiration of said year, should not elect to retain and pay for said property, said plaintiff agreed to pay said defendant all moneys, expenses, and liabilities which said defendant should lay out, expend, or incur in, upon, and about said property; that the said defendant should improve said property, and put the same into a corporation or joint stock company, as he should think fit, and in that event, if he should elect finally not to retain the same, said plaintiff should pay all assessments, expenses, and moneys paid for improving the same, etc.; that the said arrangement, and not the sum of four thousand dollars, was the real consideration of the conveyance made; that, in pursuance of said understanding, he took said interest and managed it for one year, and had the same incorporated in pursuance of said agreement, and expended large sums of money in building a quartz mill and other improvements, and in working the mine; that, at the end of said year, and on the second day of March, 1867, he did not desire or elect to retain said property, and on that day so notified said plaintiff, through his (plaintiff's) agent, Hyne-

man—said plaintiff being at the time absent from the State of California—that he would not retain and pay for said property, and then and there did tender an offer to said Hyneman for plaintiff all said property and a deed duly executed therefor, together with all the stock in the company incorporated, representing one eighth of said property, and being the entire interest conveyed, and demanded the amount expended by him in improving said property, etc.; that said agent refused to receive the same; and that he has ever since been ready and willing to deliver over said property, and he brings the conveyance into Court to be delivered up on receipt of the amount of his said advances.

The evidence fully sustains the allegations of the answer, and also shows the motives for making such an arrangement on the part of plaintiff, and that the defendant expended in improvements and working said mine over four thousand dollars. As the judgment for defendant is in accordance with these facts, the Court must have found the issues in his favor.

The leading, and really the only, substantial question is, whether it was admissible for the purpose of showing that defendant is not liable to pay the sum claimed, to prove the real consideration as between plaintiff and defendant, upon which the conveyance was made—to show that there was no unconditional promise to pay the sum of four thousand dollars. The rule, as now established by almost the entire body of modern authorities, is, that, for collateral purposes, at least, the real consideration of a deed may be shown to be different from that expressed in the deed. It cannot be proved that there was no consideration for the purpose of showing that no estate passed, and thereby defeating the operation of the deed, but it may be shown for other and collateral purposes. (*Coles* v. *Soulsby*, 21 Cal. 47; *Hendrick* v. *Crowley*, 31 Cal. 471.) The rule is announced and numerous authorities cited in *Peck* v. *Vandenberg*, 30 Cal. 23; and the whole subject is thoroughly discussed, the authorities

47

reviewed in a masterly manner, and the true distinction stated with great discrimination and precision in *McCrea* v. *Purmort*, 16 Wend. 465. (See, also, *Wilkinson* v. *Scott*, 17 Mass. 257; *Morse* v. *Shattuck*, 4 N. H. 232; *Belden* v. *Seymour*, 8 Conn. 311; *Shephard* v. *Little*, 14 Johns. 210; *Bowen* v. *Bell*, 20 Johns. 338; *Coles* v. *Soulsby*, 21 Cal. 51.)   The rule established by these and numerous other authorities is broad enough to cover the point.   This is a collateral personal action to recover the purchase money.   It in no way calls in question the operation of the deed to pass a legal title to the grantees named.   It is not pretended on either side that it did not.   The plaintiff is himself obliged to rely on the rule as stated to show that the money has not been paid, against his express acknowledgment in the deed that it was paid. If it was competent to show, contrary to the express acknowledgment in the deed, that it has not been paid, in order to entitle plaintiff to recover, it must also be competent to show why it has not been paid, or that it was not to be paid at all, in order to defeat the recovery.   The latter is as clearly for a collateral purpose as the former.   If it could be competent to show, for this collateral purpose, that the consideration was but one dollar instead of four thousand, such being the fact, in order to limit the amount of the recovery, as it clearly would be under the express adjudications cited, it must also be competent to show any other state of facts showing no liability at all.   It must be borne in mind that there is no covenant at all in the deed to pay.   The action is not brought upon any express covenant or promise found in the instrument.   The promise is implied by law from facts shown *dehors* the instrument, and contrary to its express acknowledgment.   If a part of the facts constituting the transaction, upon which a promise is raised, are shown by plaintiff, it must be competent for the defendant to show the rest of the same transaction, from which it would appear that there was no promise.   In fact the suit is not on the conveyance at all.   The whole agreement relied on *for the recovery* is outside of the conveyance, and that instrument is

not offered as the contract sued on, but it is offered for a collateral purpose, as an item of evidence to show a performance on his part, and as an acknowledgment by the defendant of the existence of certain facts, so far as they are favorable to his side. The mere acknowledgment of the existence of a fact may be rebutted by other evidence showing it to be false; but the covenants of a contract cannot be shown to be otherwise than as stated in the contract. The words of conveyance of land are the operative words of the contract, and constitute the contract itself. But the acknowledgment of payment of the consideration, and of its amount, are but the acknowledgment of the existence of facts. The former cannot be contradicted, but the latter may be shown to be otherwise than as acknowledged. This is the distinction clearly drawn in *McCrea* v. *Purmort.* Mr. Justice Cowan says:

"Another principle, and one more universal than the former in its application, is, that wherever a right is vested or created, or extinguished, by contract or otherwise, and a writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common sense construction of the instrument; but that any writing which, neither by contract, the operation of law, nor otherwise, vests, or passes, or extinguishes any right, but is only used as evidence of a *fact,* and *not* as *evidence of a contract or right,* may be susceptible of explanation by extrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be the evidences of rights, cannot be contradicted or opposed in their legal construction by facts *aliunde.* But receipts and other writings which only acknowledge the existence of a simple fact, such as the payment of money, for example, may be susceptible of explanation and liable to contradiction by witnesses.

"A party is estopped by his deed. He is not permitted to contradict it; so far as the deed is intended to pass a right, or to be the exclusive evidence of a contract, it concludes the

parties to it. But the principle goes no further. A deed is not conclusive evidence of everything it may contain. For instance, it is not the only evidence of the *date* of its execution, nor is its omission of a *consideration* conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent considerations. And by analogy, the acknowledgment in a deed that the consideration had been received is not conclusive of the fact. *This is but a fact.* And testing it by the reason of the rule which we have laid down, it may be explained or contradicted. It does not *necessarily* and undeniably prove the fact. It creates no right; it extinguishes none. A release cannot be contradicted or explained by parol, because it extinguishes a pre-existing right; but no receipt can have the effect of destroying, *per se*, any subsisting right—it is only *evidence* of a fact. The payment of the money discharges or extinguishes the debt; a receipt for the payment does not pay the debt—it is only evidence that it has been paid. Not so of a written release; it is not only evidence of the extinguishment, but it is the extinguisher itself." (16 Wend. 473, 474.)

Now, in this case, the plaintiff offers the conveyance to show, among other things, that the consideration is acknowledged to be four thousand dollars. This is a fact which he is bound to prove in order to show a right to recover. But the same conveyance also acknowledges that the amount has already been paid. This is, however, but the acknowledgment of the existence of a fact, and on this ground the plaintiff is allowed to show the fact to be otherwise, or he cannot recover. in the face of his own acknowledgment to the contrary. But the defendant can be in no worse position than he, and he is equally entitled to show that the other part of the acknowledgment, as to what the consideration was, is, also, not in accordance with the real facts. Unless this is so, there would be one rule of evidence for the plaintiff, who makes an acknowledgment of a fact in express

terms, and a different rule for the defendant, against whom the acknowledgment of another fact is only implied from the fact of accepting a conveyance containing a statement of a fact made by the other party. The evidence was clearly admissible.

The question discussed in the briefs, as to whether it could be shown what the true consideration was, for the purpose of charging the defendant as a trustee, holding the property conveyed for the benefit of the plaintiff, does not arise in this action, and there is no occasion to discuss it here. This is simply a collateral personal action to recover the purchase money, in which the plaintiff first attacks the clause of the deed acknowledging payment, for the purpose of enabling him to recover, and the only question is, whether the defendant can, also, for the collateral purpose of rebutting the presumption of liability thus raised, by showing the consideration to be different from that acknowledged, and that there was no liability on his part to pay the amount demanded. For these collateral purposes, we have no doubt that both parties stand upon the same footing, and that both branches of the clause are open to examination upon other evidence.

There is nothing in the other points made. If the consideration upon which the conveyance was made was invalid, as claimed, because it seeks to create a trust concerning land, it cannot affect the question of defendant's liability in this action, for there is still no unconditional agreement to pay the sum of four thousand dollars claimed. If it be conceded that the agreement which was made was invalid, so far as it sought to create a trust, that does not turn it into the agreement declared on, which was not entered into at all. Defendant was to pay the money if, after working the mine a year, he should desire and elect to make an absolute purchase and retain the property—not otherwise. Upon the point that defendant did not indicate his election in time, counsel are mistaken in assuming that defendant must surrender *within* a year. The testimony, on the contrary, shows that he was

entitled to work it the whole year, and make his election at the end of the year, not within it. The Court below must be presumed to have so found in support of the judgment, and testimony is sufficient to justify that view. The plaintiff was absent from the State when the year expired. On the very first day after the expiration of the year, at the latest, the defendant sought the plaintiff, and he being absent, finding a man claiming to be his agent, and whom plaintiff acknowledges to be his agent, notified him that he elected not to keep the property, and tendered him, for plaintiff, the conveyance of the property and of his right to the stock of the corporation to which it had been conveyed, in pursuance of the understanding between plaintiff and defendant. We think the defendant was in time, and that he did all that was required of him, under the circumstances.

There is some verbal criticism on the terms "mine" and "claim," used by the witness in speaking of the understanding of the parties with reference to transferring the property to a corporation, or "incorporating the property," as is the common phrase used by miners in relation to such matters; but there can be no doubt as to what the parties intended. The criticism is scarcely worthy of notice. It is evident that the ranch and mine were both in contemplation of the parties in all their transactions. There was no limitation as to when the corporation was to be created. The larger portion of the property was conveyed by plaintiff to residents of Massachusetts; and it is evident, also, that the corporation was to be created with reference to putting the stock upon the Boston market. Long after the conveyance in question, plaintiff—according to the testimony of one witness—told him that "they were going to sell the mine in Boston, and his (Rhine's) one eighth would bring a nice sum of money." There is nothing in the testimony that requires us to say, on this appeal, that defendant was not authorized to join in creating the "Hermitage Mining Company," for the purposes of the agreement between the parties under the laws of Massachusetts.

We find nothing requiring further notice, and nothing to justify a reversal of the judgment.

Judgment and order denying new trial affirmed, and remittitur directed to issue forthwith.