No. 2,496.

CHESTER INGERSOLL et al., APPELLANT, v. JOHN TRUEBODY, RESPONDENT.

DEED.—RECITAL IN.—ESTOPPEL.—Parties to a deed are not estopped from denying collateral facts recited therein, not essential to its validity, as an operative conveyance of the estate granted.

IDEM.—HUSBAND AND WIFE.—SEPARATE PROPERTY.—PAROL EVIDENCE.— Where a conveyance is made to the husband, or to the wife, after the death of her husband, under a contract of sale, made by him in his lifetime, it is competent to the wife, or any one claiming under her, to show by parol, that the consideration was paid out of her separate estate.

IDEM.—A conveyance to the husband, where the consideration is paid out of the separate estate of the wife, constitutes the husband the trustee of the wife, holding the legal title for her use.

IDEM.—PRESUMPTION OF LAW.—PAROL EVIDENCE.—Where a deed to the wife recites a valuable consideration, not stated to be the separate property of the wife, the presumption of law is, that it is paid out of the common property; but this presumption may be rebutted by parol proof that it was paid out of the separate estate of the wife.

JUROR.—MISCONDUCT OF.—The mere disclosure by a juror of a verdict already agreed upon, sealed up and delivered to the clerk by the jury, is reprehensible, but in the absence of any damage caused thereby to either party to the action, or of any fraudulent conduct on the part of the juror, it is not of itself sufficient to invalidate the verdict

EVIDENCE.—HUSBAND AND WIFE.—DECLARATIONS OF WIFE IN THE PRESENCE OF HER HUSBAND.—The declarations of a wife made in the presence of her husband and not denied by him, in a conversation relating to her separate property, are competent evidence in an action by the devisees of the husband, involving her title to the property.

APPEAL from the Seventh District Court, County of Napa.

The facts are stated in the opinion.

*John McM. Shafter*, for Appellant.

*First*—The Court submitted the question, was Phœbe Ingersoll the beneficiary mentioned in Vallejo's contract to convey, to the jury. This was erroneous, for the reasons that recital in the deed of Vallejo and Slusser were conclusive, that Chester Ingersoll, and not Phœbe Ingersoll, was such beneficiary. (*Chatauque Co. Bank* v. *Risley*, 4 Denio, 480; *Brandt* v. *Klein*, 17 J. R. 335; *Black* v. *Tucker*, 12 Vt. 39; *White* v. *Patten*, 24 Pick. 324; *Jeskeep* v. *Shields*, 4 Har-

rington, 345; *Patten* v. *Deshon*, 1 Gray, 325; *Stow* v. *Wyse*, 7 Conn. 214; *McDonald* v. *King*, Coxe, 432; *Dyer* v. *Rich et al.*, 1 Met. 180; *Jarvis* v. *Aiken et al.*, 25 Vt. 635; *Denn* v. *Cornell*, 3 J. Cas. 174; *Stewart* v. *Butler et al.*, 2 Sergt. and Rawle, 381; *Donahue* v. *McNulty et al.*, 24 Cal. 411; *Jackson* v. *Parkhurst et al.*, 9 Wend. 309; 2 Derneux, 117; 11 Ohio, 475; 6 Ham. 87; 1 Kelly, 551.)

Under these cases it is impossible to hold that defendant is not estopped; to deny that Chester Ingersoll was the person whose name was mentioned as grantee in the contract with Vallejo; yet this question was submitted to the jury in the charge against exception.

This was clearly erroneous.

*Second*—The jury found that the money with which the purchase was made from Vallejo was Phœbe Ingersoll's.

We submit that the recital in the above deeds that Chester Ingersoll paid this money is an estoppel upon that question.

*Third*—There was error in admitting the statement of Chester and Phœbe Ingersoll, as to who furnished the money with which this purchase was made.

1—The statements of Ingersoll were made- while he was making the trade at witness Grisby's house.

2—At Coloma.

3—At Mormon Island.

This testimony should have been rejected. The declarations were not made upon the land as qualifying a possession or claim. These were the statements of a deceased person, whose representative these defendants are, and they were declarative of an intention of taking the title to Mr. Ingersoll only. (*Hale* v. *Hills*, 8 Conn. R. 38:) *Per Cur.*, an intention to-do an act affords no proof that the intended act was done. (*Peck* v. *Brummagim*, 31 Cal. 445.) Intention no evidence that the act intended was ever performed.

*Fourth*—The reception of the verdict of the jury, after it was proved that one of them had communicated the verdict to defendant's attorney, was erroneous. (2 Graham and

Waterman on New Trials, 571, *et post;* 3 Id 1544, 1559, and context.)

*Fifth*—This parol evidence, for the purpose of showing that Phœbe Ingersoll was the true beneficiary, was erroneously admitted, for the reason that the writing signed by Vallejo created an *express* trust in him. After this writing *he* was a trustee of the title by direct expression, holding it for Chester Ingersoll. In *Millard* v. *Hathaway* (27 Cal. 119), this Court discuss questions relating to this class of trusts, and as we construe the case, confined implied trusts (so far as concerns this case), to the instance of one man receiving a title bought with the money of another. We do not find any countenance for the idea that a vendor giving a contract to convey in writing to A, can be regarded as holding the property under an implied trust to convey to B. We think, therefore, the case is one of express trust, and parol testimony was improperly received as to the beneficiary. (Law of Trust and Trustees, Tiffany and Bullard, p. 11.)

*Hartson & Burnell,* and *Thomas T. Stoney,* for Respondent.

*First*—Appellants' counsel insists that respondent should not have been permitted to show that the land purchased by Ingersoll was by the terms of his agreement with Vallejo, to be conveyed by Vallejo to Mrs. Ingersoll, for the reason that the recitals in Vallejo's deed were conclusive, and estopped the defendant from denying that the conveyance was to be made to Chester Ingersoll himself.

1st. The defendant was not estopped, because the recitals were in a deed, which could not have estopped the plaintiffs, and when there is no mutuality there can be no estoppel by deed. (*Sherman* v. *Garrett,* 16 Cal. 100; *Jewett* v. *Harrington,* 19 Wend. 475; *Averill* v. *Wilson,* 4 Barb. 190; *Finn* v. *Sleight,* 8 Barb. 184; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 484; *Hempstead* v. *Easton,* 33 Mo. 147.) Had the recital in the deed from Vallejo declared that the purchase had been made with Mrs. Ingersoll's separate money,

or that the agreement had provided in terms for a conveyance to her, the heirs of Ingersoll would not have been estopped from showing that such recital was false.

2nd. The defendant was not estopped by the recital because the plaintiffs were neither parties nor privies to the deed. (*Campbell* v. *Hall,* 16 N. Y. 579; *Jewell* v. *Harrington,* 19 Wend. 477; *Averill* v. *Wilson,* 4 Barb. 190.)

3rd. If the plaintiffs had been beneficiaries of a trust of which Vallejo was the trustee, they would not have been bound by recitals in a deed made by Vallejo in disregard of or in hostility to their equitable rights.

4th. The recital relied on was unnecessary to the deed, and there is no estoppel as to unessential statements in a deed. (*Osborn* v. *Endicott,* 6 Cal. 149.)

5th. The recital related to the consideration of the conveyance, and the true consideration can be inquired into for every purpose except to defeat the title of the grantee. (*Peck* v. *Vandenburg,* 30 Cal. 56–7–8, and cases cited by Justice Sawyer; *Rhine* v. *Ellen,* 36 Cal. 369; *Coles* v. *Soulsby,* 21 Cal. 57; *McCrea* v. *Purmont,* 16 Wend. 460.)

6th. The whole recital, if any, must be taken, and in this case the effect of the first part of the recital is destroyed by what follows. It is of no consequence who purchased the land or in whose name it was bargained for if "the said land was purchased by the said Chester for the separate use of his wife Phœbe."

The rule of law is that "when the truth appears by the same deed or record which would otherwise work an estoppel, the adverse party is not concluded from taking advantage of the truth." (*Warren* v. *Leland,* 2 Barb. 614.)

*Second*—If the estoppel had been good and had established, conclusively, that Vallejo was, by the agreement, to convey the land to Chester Ingersoll, and not to his wife, yet, as the purchase money was hers, Vallejo held the legal title in trust for her, as would Ingersoll, himself, had the land been conveyed to him in his lifetime, and the conveyance was properly made to her. For if the land was

bought with Phœbe Ingersoll's money, it became her separate property and Vallejo was her trustee.

*Moore & Lane*, and *S. F. Lieb*, for Respondents.

Mutuality is a necessary ingredient of an estoppel; there can be no estoppel on one party unless the adverse party is equally estopped. (*Hempstead* v. *Easton*, 33 Mo. 142; *Lansing* v. *Montgomery*, 2 John. 382; *Sherman* v. *Garrett*, 16 Cal. 100; 31 Ind. 1.)

We submit that the infant heirs of Ingersoll would not be bound by the recitals that Vallejo and Mrs. Ingersoll might put into their deeds, and if they are not bound the defendant is not. Again these recitals are but the mere statements of what purport to be facts, wholly unnecessary to the validity of the conveyance. They are at best but mere admissions, not necessary to the conveyance, and are therefore open to controversy. It has already been held by this Court, that a deed, in so far as it is intended to pass or extinguish a right, is the conclusive evidence of the contract, and the parties are concluded by its terms, but that a deed is not conclusive evidence of the existence of facts acknowledged in the instrument, such as date, payment of the consideration, and the like. (*Rhine* v. *Ellen*, 36 Cal. 363.)

All that was attempted by the defendant in this case, or allowed by the Court, was to show the true state of the transaction as to facts. No attempt was made to overthrow the instrument as a deed nor to contradict its operative portions.

The case of *Peck* v. *Brumagim* (31 Cal. 440), we think conclusive in favor of the proposition that recitals of this kind work no estoppel as between husband and wife, or those claiming under them. But granting, for the sake of argument, that we are wrong as to the positions taken on the question of estoppel, we submit that under the most liberal construction of the recitals in favor of plaintiffs, they only show: *First*—that Ingersoll was the contracting party; that the conveyance was to be made to him; and, *Second*—

that he paid the money. In other words, that he was but the instrument for making the contract. There is no statement as to whose money was used in making the purchase, whether the conveyance was to be made to him in trust for some one else, or directly, without any trust; and taking the whole recital together it shows that the purchase was made for the separate use of the wife. Hence we were but supporting the recitals in the deed—making the matter plain.

CROCKETT J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and RHODES, C. J., concurring:

The land in controversy was granted by the Mexican Government to Vallejo, who, in 1847, entered into a written obligation to one Chester Ingersoll, wherein he bound himself to convey the land on payment of $400. The money was subsequently paid, and, shortly thereafter, Ingersoll died in San Francisco, leaving a widow and several minor children residing there. Thereupon letters of administration on the estate were granted at San Francisco to one Brooks, a brother-in-law of the deceased. At the request of Brooks, Vallejo conveyed the land to Mrs. Ingersoll, the widow of the deceased. This deed recites that in 1847 Vallejo had contracted in writing to convey the land to Chester Ingersoll on the payment of $408, which was paid in February, 1848, by said Ingersoll; and having been assured that Ingersoll had purchased the land for the separate use of his wife, and the administrator having desired "me to convey lands to him," he therefore makes the conveyance to Mrs. Ingersoll. Four days thereafter Mrs. Ingersoll conveyed the land to one Slusser for $2,500, receipting in the deed that it was the same land "which was bargained by Salvador Vallejo to the late Chester Ingersoll, on the 20th day of December, 1847, and for which the said Chester Ingersoll paid on the 10th day of January, A. D. 1848, and for which a title was executed by said Salvador Vallejo to the said party of the first part on the 22d day of this present month, by the consent of A. B. Brooks, administrator of the estate of said Chester Ingersoll, upon proof that

said lands were purchased by the said Chester Ingersoll for the separate use of his wife."

In 1850, Slusser conveyed the land to the defendant for the sum of $5,000, and the defendant immediately entered into possession, and has ever since occupied it, claiming title under this deed. The plaintiffs are the children and devisees of said Chester Ingersoll, deceased; and the action is brought for the purpose of having the defendant adjudged to be a trustee, holding the legal title for their use, on the ground that the purchase from Vallejo was made by Chester Ingersoll for his own use and with his own money, and that Mrs. Ingersoll, Slusser and the defendant all took the title with notice of the plaintiffs' equities.

The answer denies that the purchase was made by Ingersoll for his own use, or with his own money, but avers that it was made for the use of his wife, and was paid for with her separate funds. It also denies that Slusser, or the defendant, had any notice, actual or constructive, of the equities set up in the complaint. At the trial, special issues were submitted to a jury, and all the material positions of these issues were found for the defendant. The plaintiffs moved for a new trial, which was denied, and they have appealed from the order denying it. The errors assigned are: *First*—That the Court misdirected the jury, to the prejudice of the plaintiffs; *Second*—That incompetent evidence was admitted, against the objection of the plaintiffs. *Third*—That the verdict should have been set aside because of the misconduct of the jury; and, *Fourth*—That the verdict is not supported by the evidence.

It appears at the trial that the written obligation from Vallejo to Ingersoll has been lost, and could not therefore, be produced; and the Court charged the jury that the recitals in the deed from Vallejo to Mrs. Ingersoll, and from the latter to Slusser, conclusively established the fact that Chester Ingersoll, and not his wife, was the beneficiary in the purchase from Vallejo, unless it was shown by the testimony, either that the purchase money paid to Vallejo was the separate estate of the wife, or that the written obli-

gation of Vallejo provided for a conveyance to her instead of her husband; but that if the money paid to Vallejo was the property of the husband, and if the written contract required the conveyance to be made to him, then no information derived from sources outside the recitals of the deeds can avail the defendant, and the plaintiffs will be entitled to a verdict to the effect that Mrs. Ingersoll, Slusser and the defendant were not purchasers in good faith. The Court also charged the jury that an actual intent on the part of Slusser or the defendant to acquire the title in good faith cannot avail the defendant unless the money paid to Vallejo was the separate estate of the wife, or unless the obligation of Vallejo required the deed to be made to her. The plaintiffs except to this charge on the ground, *First,* that there was no evidence tending to show that the written contract required the deed to be made to the wife; and *Second,* that the defendant is estopped to assert that fact by the recitals in the deeds. The first point is not well taken. The testimony of Grigsby, who was present at the transactions between Vallejo and Ingersoll, and of other witnesses, who testify to conversations with Ingersoll as to the title, certainly tend, in some degree, to prove that the conveyance was to be made to Mrs. Ingersoll.

Nor is the point as to the estoppel tenable, for several reasons. Whilst the grantee in a deed will not be permitted by parol to contradict, vary or enlarge the operative words of a conveyance so as to defeat, change or modify the estate granted, he may, nevertheless, disprove collateral facts recited in the instrument, which are not essential to validity as a conveyance of the estate granted. He may do so, for the reason that the existence or non-existence of these facts does not impair the legal effect of the instrument. The title passes, whether the collateral fact exists or not. In *Rhine* v. *Ellen* (36 Cal. 362), we had occasion to consider carefully to what extent the parties to a conveyance are estopped to deny collateral and immaterial facts recited therein, and I see no reason to doubt the correctness of the proposition announced in that case, to wit: that the estoppel does not extend to a recital

of collateral facts not essential to the validity of the deed as
an operative conveyance of the estate granted.   The grantor
was, therefore, permitted to show that the consideration
recited in the deed, and which was therein acknowledged to
have been paid, was not, in fact, paid; and the grantee was
permitted to prove by parol that the consideration was
wholly different from that stated in the instrument, and de-
pendent on conditions which had not happened and might
never happen.   But the parties to a Sheriff's deed, and
their privies, are estopped to deny the existence of the
judgment and execution recited in the deed; for these are
essential to the validity of the instrument as a conveyance
of the title of the judgment debtor.   Such was the case of
*Donahue* v. *McNulty* (24 Cal. 411), cited by the plaintiffs.
The recital in the Vallejo deed is but a statement of the
considerations which moved the grantor to make the con-
veyance, and the case of *Rhine* v. *Ellen, supra,* is a decis-
ion directly to the point—that the grantee may show by
parol that the consideration was wholly different from that
stated in the deed.   But if the most liberal construction be
given to the recital, it amounts only to a declaration that
Chester Ingersoll made the payment to Vallejo, and that
the conveyance was to have been made to him.   It does
not state that the money paid was the property of Inger-
soll and not of his wife.   If the bond for a title had run to
Ingersoll, and a conveyance had been made to him in his
lifetime by Vallejo, it would have been clearly competent
for Mrs. Ingersoll, or any one claiming under her, to have
shown by parol that the land was purchased with her
money, and on proof of that fact her husband would have
been her trustee, holding the legal title for her use.   If
such proof would have been competent even after a convey-
ance to the husband, founded on precisely such an obliga-
tion as is recited in this deed, it is difficult to perceive why
the same proof is not competent when no conveyance has
been made to the husband.

In *Peck* v. *Brumagim* (31 Cal. 440), it was decided that if
a deed to the wife recite a valuable consideration which is

not stated in the deed to have been the separate estate of the wife, the presumption of law is that the purchase money was paid out of the common property, and, therefore, the land conveyed will be presumed to be common property; but that this presumption may be rebutted by parol proof of the fact that the purchase money was paid out of the separate estate of the wife. The case under consideration comes fairly within this principle. If the contract with Vallejo required the deed to be made to Chester Ingersoll, and if he paid the purchase money, and even if the conveyance had been made to him, it would have been competent for Mrs. Ingersoll, on the authority of *Peck* v. *Brumagim, supra,* to have shown by parol that the purchase money was paid out of her separate estate, and that she was entitled to a conveyance of the legal title. If it would have been competent for her to make this proof, even after a conveyance to her husband, it must of necessity follow that it is competent for her grantee to make it in support of a conveyance to her of the legal title. The proposition is too plain to merit further discussion. The charge of the Court to the jury was more favorable to plaintiff than the facts justified.

The verdict is also assailed on the ground of the misconduct of the jury. It appears that, on the adjournment of the Court for the day, the jury were informed by the Court that if they agreed upon a verdict during the recess they might seal it up and return it at the opening of the Court on the following day; that the verdict was agreed upon and sealed up; and on the following day, before the opening of the Court, one of the jurors informed the counsel of defendant what the verdict was. There is no proof of any fraudulent or improper motive in the juror or the counsel, or any reason to infer that the plaintiffs were in any respect injured by the disclosure. The verdict had already been sealed up, and was delivered, as previously agreed upon. The conduct of the juror was certainly reprehensible, and if there had been the least reason to infer that any damage to the plaintiffs had resulted from the premature disclosure

of the verdict, it ought to have been set aside.    But in the absence of any showing to that effect, or of any fraudulent conduct on the part of the juror, the mere fact of the disclosure was not, of itself, sufficient to invalidate the verdict.

The declarations of Chester Ingersoll were clearly competent evidence against the plaintiffs, his devisees, claiming title under him; and the only declarations of Mrs. Ingersoll, put in evidence by the defendant, were portions of a conversation between herself and her husband and the witness Grigsby, when all three were present.    Her declarations, made in the presence of her husband, and not denied by him, were competent evidence.

I discovered no error in the admission of any evidence offered by the defendant.    Nor can we disturb the verdict on the ground that it is not supported by the evidence, in which there was a substantial conflict on all the material issues.

Order denying the motion for a new trial affirmed.