[Civ. No. 6572.  First Appellate District, Division Two.—March 28, 1929.]

FIRST FEDERAL TRUST COMPANY (a Corporation), Plaintiff, v. GEORGE A. STOCKFLETH, as Special Administrator, etc., Respondent; FRUIT GROWERS SUPPLY COMPANY (a Corporation), Appellant.

22

Dozier, Kimball & Dozier and Dozier & Kimball for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

GRAY, J., *pro tem.*—On November 10, 1909, respondent Mary E. Brickett and the assignors of appellant Fruit Growers Supply Company entered into a written contract of sale by respondent and purchase by the assignors of the dower right and an undivided eight-thirtieths interest in lands located in Jackson County, Oregon, and an undivided nine-thirtieths interest in lands located in Siskiyou County, California, of which right and interest the preamble recites the respondent was the owner, upon the following terms and conditions here material. The first term stated, in general language, that the title to the property in part was merchantable and in part unmerchantable and then stated specifically that parcels "A," "D" and "E" were lands "to which merchantable title is held" and that parcels "B." "C," "F" and "G" are lands "to which the title is not yet merchantable." The third term provides the method of fixing the total price, credits thereupon a prior payment, requires payment of part on or before December 1, 1904, and part within ninety days thereafter and the balance in eight equal installments, with interest beginning on December 9, 1910. Under the fourth term respondent is required to place in escrow seven grant bargain and sale deeds, each conveying therein described portions of

said lands. The sixth term authorizes the buyers, after payment of a portion of the total price and an advance payment per acre, to cut, log and manufacture the timber on parcels "A," "D" and "E." By the seventh term the buyers, upon payment of the part of total price applicable thereto, were entitled to each of said deeds in numerical order, and, by the eighth term, were obligated to pay all taxes upon said parcels for the fiscal year 1908–1909 and subsequent thereto. The tenth, fourteenth and fifteenth terms, respectively, authorized the respondent, upon buyers' default, to terminate the contract and resume possession of the lands. The seventeenth term, after reciting that the title to parcels "B," "C," "F" and "G" has not been perfected and that it cannot be ascertained when same will be perfected, provides for payment therefor when title is perfected, and the subsequent terms provide a method for transfer of title after perfection along the same lines above stated as to other three parcels.

Plaintiff, First Federal Trust Company, as escrow-holder, at proper time and for the sum of $13,608.41 tendered to appellant the last of the seven deeds, covering parcel "E" described in part in the contract as follows: "lands purchased from Oregon and California Railroad Company *title to which is merchantable.*" (Italics ours.) Appellant offered to pay, upon delivery of said deed, the balance remaining of said sum of $13,608.41 after deducting therefrom the sum of $6,376.11 with interest, alleged to have been expended by it in curing defects in respondent's title. The respondent, claiming a default, demanded the return of the deed by the escrow-holder. Thereupon, the latter commenced this action in interpleader to determine who was entitled to the deed and, pending such determination, deposited it in court. The respondent filed a cross-complaint seeking to recover either the deed or the sum of $13,608.41 with interest and appellant, in its answer to this cross-complaint, sought delivery of deed upon payment of the balance offered to the escrow-holder. At the trial, upon the issues framed by such cross-complaint and answer, respondent and appellant stipulated that any judgment entered should be for such sum as the court should determine was due under the contract and should further provide for delivery of deed to respondent if such sum were not paid

within ninety days after such judgment became final. At the close of respondent's case, appellant offered to prove that respondent's title was defective at date of contract and that it had necessarily and properly expended $6,376.11 in curing such defects. Respondent objected to this offer upon the ground that the recitals of the contract that the title was merchantable were conclusive. The court sustained the objection and thereupon rendered judgment in favor of the respondent in accordance with her prayer and the stipulation, from which judgment appellant appeals. After appeal and pending its determination, Mary E. Brickett died and by appropriate proceedings George A. Stockfleth, as the special administrator of the estate of Mary E. Brickett, formerly Mary E. Coggins, was substituted in her place and stead. For clarity, in this opinion, the deceased is referred to as the respondent.

This appeal raises the single question of the correctness of the court's ruling in sustaining respondent's objection to appellant's offer of proof. Section 1962 of the Code of Civil Procedure, so far as here pertinent, reads as follows: "The following presumptions and no others, are deemed conclusive: 2. The truth of the facts recited from the recital in a written instrument between the parties thereto or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration." Do the recitals in the contract, that the title to the lands in parcel "E" is merchantable, conclude appellant as to the truth of that fact .so as to deny it the right to show that such title was defective? If so, the court's ruling was correct and this judgment must be affirmed.

A good test, here applicable, is found in the language of *McCrea* v. *Purmort,* 16 Wend. (N. Y.) 465 [30 Am. Dec. 103], quoted in *Rhine* v. *Ellen,* 36 Cal. 362, at 371, reading as follows:

"Another principle, and one more universal than the former in its application, is, that wherever a right is vested or created, or extinguished, by contract or otherwise, and a writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common sense construction of the instrument; but that any writing which, neither by contract, the operation of law, nor otherwise, vests, or passes, or extinguishes any right,

but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts Thus a will, a deed, or a covenant in writing, so·far as they transfer or are intended to be the evidences of rights, cannot be contradicted or opposed in their legal construction by facts *aliunde*. But receipts and other writings which only acknowledge the existence of a simple fact, such as the payment of money, for example, may be susceptible of explanation and liable to contradiction by witnesses.

"A party is estopped by his deed. He is not permitted to contradict it; so far as the deed is intended to pass a right, or to be the exclusive evidence of a contract, it concludes the parties to it. But the principle goes no further. A deed is not conclusive evidence of everything it may contain. For instance, it is not the only evidence of the date of its execution, nor is its omission of a consideration conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent considerations. And by analogy, the acknowledgment in a deed that the consideration had been received is not conclusive of the fact. This is but a fact. And testing it by the reason of the rule which we have laid down, it may be explained or contradicted. It does not necessarily and undeniably prove the fact. It creates no right; it extinguishes none. A release cannot be contradicted or explained by parol, because it. extinguishes a pre-existing right; but no receipt can have the effect of destroying, *per se,* any subsisting right—it is only evidence of a fact. The payment of the money discharges or extinguishes the debt; a receipt for the payment does not pay the debt—it is only evidence that it has been paid. Not so of a written release; it is not only evidence of the extinguishment, but it is the extinguisher itself."

In *Ingersoll* v. *Truebody,* 40 Cal. 603, 610, the court used the following pertinent language: "Whilst the grantee in a deed will not be permitted by parol to contradict, vary or enlarge the operative words of a conveyance so as to defeat, change or modify the estate granted, he may nevertheless disprove collateral facts recited in the instrument which are not essential to validity as a conveyance of the estate granted." This court stated the principle here involved in

*Gas Appliance Sales Co., Inc.,* v. *W. B. Bastian Mfg. Co.,* 87 Cal. App. 301 [26% Pac. 452], as follows: "The conclusive presumption of the truth of facts recited in a written instrument between the parties thereto, as declared by the provisions of section 1962, subdivision 2, of the Code of Civil Procedure, has reference only to the essential facts therein contained, which are necessary to determine the obligations or liabilities of the contracting parties (*Osborne* v. *Endicott,* 6 Cal. 149 [65 Am. Dec. 498] ; *Ingersoll* v. *Truebody,* 40 Cal. 603, 610; *Moffatt* v. *Bulson,* 96 Cal. 106, 110 [31 Am. St. Rep. 192, 30 Pac. 1022] ; *Rhine* v. *Ellen,* 36 Cal. 362, 370) . . . " For varying illustrations of the application of the code section reference may be had to *Pierce* v. *Whiting,* 63 Cal. 538; *Simson* v. *Eckstein,* 22 Cal. 581; *Judson* v. *Malloy,* 40 Cal. 299; *Frink* v. *Roe,* 70 Cal. 296 [11 Pac. 820] ; *Moore* v. *Gould,* 151 Cal. 723 [91 Pac. 616] ; *Knock* v. *Haizlip,* 163 Cal. 146 [124 Pac. 996] ; *National Hardware Co.* v. *Sherwood,* 165 Cal. 1 [130 Pac. 881] ; *Borland* v. *Borland,* 56 Cal. App. 638, 642 [206 Pac. 478] ; *Hamilton* v. *Consolidated Water Co.,* 56 Cal. App. 7 [204 Pac. 416].

An examination of the terms of the contract clearly shows that respondent was selling and the appellant was buying the former's interest in the property as described without any express or implied agreement that she owned any such interest. (*Califoria Land Security Co.* v. *Ritchie,* 40 Cal. App. 246 [180 Pac. 625].) The very definite recitals in the contract that the title to certain of the lands, including parcel "E," were merchantable provided the basis chosen by the parties themselves upon which each was willing to deal with the other and upon which the respective parties reciprocally assumed and granted respective rights and obligations. To permit appellant, at this late date, after the six other deeds had been delivered and most of the contract had been performed, to contradict by parol the truth of those recitals would allow it to substitute a new basis for the contract, upon which respondent in the first instance might not have been willing to negotiate. The contradiction by parol of the truth of those recitals would necessarily change the contract in essential matters, would contradict or vary the rights created by the contract,

would enlarge the estate which respondent undertook to convey and would, in short, permit the court to make a contract for the parties different from the one they voluntarily made for themselves. Furthermore, such evidence could have no other effect than to force the court to ignore, as surplusage, the solemn language of the parties and to substitute therefor a covenant implied by law, only in the absence of an express agreement, that is, that the title be free of defects.

Appellant seeks to escape this conclusion by an argument that the recital as to title is one of consideration inasmuch as a good title was the consideration moving from respondent to appellant. The cases cited are not applicable under the facts. The rule which will determine whether or not the evidence is admissible on this theory is well stated in *Harding* v. *Robinson*, 175 Cal. 534, 543 [166 Pac. 808, 811], as follows:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration and is of a contractual nature as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for the party has a right to make the consideration of his agreement of the essence of the contract and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence." (17 Cyc. 661; see, also, *Feeney* v. *Howard*, 79 Cal. 525 [12 Am. St. Rep. 192, 4 L. R. A. 826, 21 Pac. 984]; *Winchester* v. *Winchester*, 175 Cal. 391 [165 Pac. 965]; *Murr* v. *Cohn*, 87 Cal. App. 478 [262 Pac. 768]; *Blackledge* v. *McIntosh*, 85 Cal. App. 475 [259 Pac. 770].)

Being satisfied as to the correctness of the court's ruling, excluding the offered testimony, the judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 26, 1929, and a peti-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1929.

Curtis, J., and Preston, J., dissented.