[No. 18167.   In Bank.—October 5, 1894.]

# C. G. WATKINS, APPELLANT, *v.* R. E. WILHOIT ET AL., RESPONDENTS.

ASSIGNMENT FOR BENEFIT OF CREDITORS—DEPOSIT FOR RECORD—VALIDITY AS TO NONCONSENTING CREDITORS.—An assignment for the benefit of the creditors of an insolvent debtor is sufficiently recorded within the meaning of the Civil Code, as against nonconsenting creditors, if it is acknowledged, or proved and certified, like transfers of real property, and deposited in the recorder's office with the proper officer for record; and is not invalidated by want of record in the proper book of records.

ID.—ASSIGNMENT EMBRACING REAL PROPERTY—EFFECT OF IMPROPER RECORD.—The fact that the assignment embraced real property, and was not transcribed by the recorder into the proper book of records of transfers of real estate, but was, instead thereof, transcribed into a book labeled "Miscellaneous," does not render the record void as to nonconsenting creditors, and the only question that can arise by reason of the improper record is as to the effect of the record upon subsequent purchasers or mortgagees in good faith and for value.

ID. — CONSTRUCTIVE NOTICE — RECORDED INSTRUMENT — CONSTRUCTION OF CODE.—To determine what would give constructive notice to a subsequent purchaser or mortgagee, we look to section 1213 of the Civil Code,

et seq., but to determine what is recorded, without reference to the notice to subsequent purchasers, we look to section 1170 of the Civil Code, which provides that "an instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the recorder's office with the proper officer for record."

Appeal from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*John B. Hall*, for Appellant.

The instrument of assignment is void, as it has never been recorded as required by law. (Civ. Code, secs. 1158–65, 1183, 3458, 3463, 3465, 3466, 3473; Pol. Code, sec. 4235; *Mutual Life Ins. Co.* v. *Dake*, 87 N. Y. 257, 263; *Schell* v. *Stein*, 76 Pa. St. 398; 18 Am. Rep. 416; *Luch's Appeal*, 44 Pa. St. 519; *Anthony* v. *Butler*, 13 Pet. 423; *Sawyer* v. *Adams*, 8 Vt. 172; 30 Am. Dec. 459; *Tillman* v. *Cowand*, 12 Smedes & M. 262; *McKinnon* v. *McLean*, 2 Dev. & B. 79; *Beardsley* v. *Frame*, 85 Cal. 134.)

*F. T. Baldwin, P. S. Wilkes*, and *J. C. Campbell*, for Respondents.

The fact that the assignment was not entered in the proper book does not render the assignment void, as under the statute the instrument is recorded "with the county recorder" when it is deposited in his office for record. (Civ. Code, secs. 3458, 3463, 3464. See 1 Devlin on Deeds, secs. 681, 687; *Beverley* v. *Ellis*, 1 Rand. 102; *Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 197; *Donald* v. *Beals*, 57 Cal. 399; *Meherin* v. *Oaks*, 67 Cal. 57.)

Beatty, C. J.—This action is in the nature of a creditor's bill in equity to subject property in the hands or under the control of the defendants, Wilhoit and Langford, to the payment of a judgment at law against defendant Bryant, in favor of the plaintiff.

A demurrer to the complaint having been sustained,

and the plaintiff having declined to amend his complaint, judgment passed for defendants.

The plaintiff has appealed from the judgment upon the judgment-roll containing a bill of exceptions showing that the demurrer was sustained on the grounds " that the complaint does not state facts sufficient to constitute a cause of action, and that the action is barred by the statute of limitations."

The complaint shows that on June 2, 1890, the plaintiff recovered a judgment against Bryant for the sum of two thousand three hundred and forty-two dollars and sixty cents, on a promissory note made by the latter to the former on January 17, 1885, and that no part of the judgment has been paid.

That before and on February 16, 1886, said Bryant was indebted to others besides the plaintiff, and was then, and ever since has been, insolvent, though he was then the owner of considerable real and personal property in the county of San Joaquin, where he resided; that on said sixteenth day of February, 1886, he executed to defendants Wilhoit and Langford, and one Charles Bamert, a deed purporting to convey to them all his real and personal property, except such as was exempt from execution, in trust for the benefit of all his creditors, without preference to any, except as provided by law, " to sell and dispose of said real estate and personal property, and to collect the said book accounts and choses in action, using a reasonable discretion as to the times and modes of selling and disposing of said estate as it respects making sales for cash or on credit, at public auction, or by private contract or sale, with the right to compound for the said book accounts and choses in action, taking a part for the whole where and when the trustees deem and decree it expedient so to do." Then, after applying the proceeds to the payment of his debts according to law, to pay the surplus, if any, to him, Bryant. This instrument, with an inventory of the property thereby assigned attached thereto and made a part thereof, and the written acceptance of the

trust by Wilhoit and Langford, are fully set out in the complaint. It is next alleged that said instrument has never been recorded in the office of the county recorder of said county in any book of records therein of grants, deeds, or transfers of real estate, or in any book kept in said office for the recordation of conveyances or mortgages of either real or personal property, or otherwise or elsewhere recorded in said office, save and except that the instrument was, on the sixteenth day of February, 1886, transcribed into a book kept in said office labeled "Book G., Miscellaneous."

That within thirty days after the date of said instrument, pursuant to an order of a judge of the superior court, Wilhoit, Langford, and Bamert executed a bond with sureties for the faithful discharge of the trust as required by section 3467 of the Civil Code, and thereupon took possession of all the property described in said instrument, claiming title thereto as assignees.

The complaint contains other allegations material to the cause of action, but not material to the points to be decided here.

The plaintiff contends that on the facts alleged the assignment of Bryant to Wilhoit·and others was void as to him and other nonconsenting creditors, and his principal point is that it was void because it was never properly recorded. The argument is that since the assignment embraced real property it was subject to the provisions of article IV of the chapter on recording transfers (Civ. Code, secs. 1213-17, 3466); and that never having been transcribed by the recorder into the proper book of records, in compliance with the provisions of chapter 4, it remained totally void as to all nonconsenting creditors. But conceding, for the purposes of this case, every thing for which the plaintiff contends, as to the futility of filing a conveyance in the recorder's office, where such filing is not followed up by transcription into the proper book of records in due time, his conclusion that this assignment was void as to the nonconsenting creditors does not follow. The whole object

of article IV of the chapter on recording transfers is to prescribe the effect of recording or failing to record upon *subsequent purchasers or mortgagees.* An assignment of real property for the benefit of creditors ought. to be subject to these provisions as much as any other transfer of real property, because it is as much within the policy of the statute as any other transfer of such property. Subsequent purchasers and mortgagees are entitled to the same notice in one case as in the other, and have a right to rely on the same means of knowledge as to the true state of the title when parting with value on the faith of the apparent ownership. But with respect to creditors of the assignor who do not part with any thing the case is totally different, and they are not within the policy of these provisions. A transfer may be valid as to them although void as to subsequent purchasers in good faith and for value.

To determine the validity of an assignment as to creditors, we look to the title on assignments for the benefit of creditors. (Civ. Code, sec. 3449, et seq.) Such assignments must be acknowledged or proved and certified like transfers of real property, and they must be recorded (sec. 3458), not, however, as prescribed in chapter IV, *supra,* but in accordance with sections 3463, 3464 of the Civil Code, neither of which by its letter or spirit requires transcription into any book of records in order to effect a complete transfer of the property to the assignee as against creditors.

The object of recording, so far as they are concerned, seems to be to make the assignment public and irrevocable, and when that object is accomplished the creditors are fully protected. All are placed upon an equal footing. So far as creditors are concerned the law is satisfied if the assignment is recorded in the county where the debtor resides; but to be effective against subsequent purchasers or mortgagees it must (under chapter IV, *supra*) be recorded in every county where any of the real property is situated, and it must be so recorded as to give them constructive notice. To deter-

mine what will give such constructive notice we look to section 1213 et seq., of the Civil Code, but to determine what is recording without reference to the question of notice to subsequent purchasers we look to section 1170 of the Civil Code.

"An instrument is deemed to be recorded when, being duly acknowledged, or proved and certified, it is deposited in the recorder's office with the proper officer for record."

The complaint shows that this section was fully complied with. The assignment was recorded and became binding and irrevocable as to the assignor and all creditors. True, it was subject to chapter IV of the article on transfers, and, if it was not recorded as that chapter requires, it may be questioned by a subsequent purchaser or mortgagee, but the plaintiff in this case is not in that position.

The other objections to the assignment do not appear to merit particular discussion.

The assignment was valid and effective, and the judgment of the superior court is affirmed.

McFarland, J., Fitzgerald, J., Garoutte, J., and Van Fleet, J., concurred.