[No. B226061. Second Dist., Div. Three. Oct. 17, 2011.]

FIRST BANK, Plaintiff and Respondent, v.
EAST WEST BANK, Defendant and Appellant.

1310

### Counsel

Luce, Forward, Hamilton & Scripps, David R. Krause-Leemon and Suzanne Badawi for Defendant and Appellant.

Songstad & Randall, William D. Coffee and Linda D. Pasin for Plaintiff and Respondent.

### Opinion

**ALDRICH, J.—**

## INTRODUCTION

In this case we hold, where two deeds of trust secured by the same real property were simultaneously time-stamped for recording by the Los Angeles County Recorder's Office but were indexed at different times, that the lenders have equal priority. One of the lenders, defendant East West Bank, appeals from the judgment of the trial court declaring that the two trust deeds have equal priority. Defendant contends, as its trust deed was indexed first, that its lien has a prior right. We conclude the other lender, plaintiff First Bank, demonstrated in its summary judgment motion indisputably that, pursuant to its practice, the Los Angeles County Recorder's Office time-stamped both trust deeds at issue at 8:00 a.m. on September 4, 2008. Hence, neither deed of trust was first duly recorded and neither bank was a subsequent purchaser. (Civ. Code, §§ 1107, 1214.) As a matter of law, therefore, the trust deeds have equal priority. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, plaintiff and defendant granted loans to Kyung Ha Chung and secured them with the same real property located in South Gate, California. Chung signed both trust deeds on August 28, 2008, before two different

notaries. Both lenders delivered their trust deeds to the recorder's office before business hours on September 4, 2008.[1]

Kathy Tregg, the person identified as most knowledgeable about practices at the recorder's office, testified that the procedure in the Los Angeles County Recorder's Office, as with most recorders across the state, is to allow title insurance companies to deliver trust deeds to the recorder's office in batches before 8:00 a.m. when the office opens. As is the case for all documents and instruments deposited with the recorder's office, one of the examiners reviews the title insurance companies' trust deeds to determine whether they meet the requirements for recording. The examiner then enters the instruments into the enterprise recording archive system and sends the documents to a cashier to determine the applicable fees. The recorder stamps them with the date and time of recording. The practice of most of the recorder's offices across the state is to give all instruments deposited before the offices open for business an 8:00 a.m. time stamp. Instruments are indexed roughly two days later.

Following its procedure, the recorder time-stamped both deeds of trust here with the following: "Recorded/Filed in Official Records Recorder's Office, Los Angeles County, California[,] 09/04/08 AT 08:00AM." Tregg testified that the trust deeds were recorded at 8:00 a.m. by the recorder's office. Also on September 4, 2008, the recorder indexed defendant's trust deed at 11:26 a.m. and plaintiff's trust deed at 3:08 p.m.

Plaintiff filed the instant declaratory relief action seeking a determination about the priority of these liens. Once the case was at issue, plaintiff and defendant each moved for summary judgment. Plaintiff argued that all of the trust deeds have equal priority because they were recorded concurrently. By contrast, defendant argued its trust deed has priority because it was indexed first. The trial court granted plaintiff's motion and denied defendant's, holding the deeds of trust were recorded concurrently and neither bank was a subsequent purchaser, with the result the liens have equal priority. Defendant appeals.

## DISCUSSION

### 1. *Standard of review*

"Summary judgment is granted when a moving party establishes the absence of a triable issue of material fact and the right to entry of judgment

---

[1] At least one other lender, Flagstar Bank granted a loan to Chung and secured it with the same real property. Flagstar's trust deed was also delivered to the recorder's office prior to business hours on September 4, 2008. However, Flagstar, whose joinder in plaintiff's summary judgment motion was procedurally defective, is not a party in this appeal. Accordingly, we refer to the two trust deeds of plaintiff and defendant only.

as a matter of law. [Citations.] ' " ' "We review the [superior] court's decision to grant . . . summary judgment de novo." [Citation.]' [Citation.]" [Citation.] [If there is] no dispute as to the operative facts here, the question is purely a legal one for us to resolve. [Citation.]' [Citation.]" (*Pacific Shore Funding v. Lozo* (2006) 138 Cal.App.4th 1342, 1348–1349 [42 Cal.Rptr.3d 283], citing Code Civ. Proc., § 437c, subd. (c) & *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

### 2. *Overview of California's law of priorities*

■ California starts with a " 'first in time, first in right' system of lien priorities," under which "a conveyance recorded first generally has priority over any later-recorded conveyance." (*Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1099 [95 Cal.Rptr.2d 779]; see Civ. Code, § 2897 ["Other things being equal, different liens upon the same property have priority according to the time of their creation . . . ."].)

"An instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the Recorder's office, with the proper officer, for record." (Civ. Code, § 1170.)

This " 'first in time[,] first in right' " system is modified by the recording statutes (5 Miller & Starr, Cal. Real Estate (3d ed. 2009) § 11:3, p. 11-18), which allow subsequent purchasers to achieve priority under the " 'race-notice' theory." (*Id.* at p. 11-19.) Thereunder, "Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded." (Civ. Code, § 1107.) Stating the rule differently, Civil Code section 1214 reads in relevant part, "Every conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property . . . in good faith and for a valuable consideration, whose conveyance is first duly recorded . . . ."

Under these "race-notice" rules, a subsequent purchaser obtains priority for a real property interest by (1) acquiring the interest as a bona fide purchaser for valuable consideration with neither actual knowledge nor *constructive notice* of (2) a *previously created* interest and (3) "first duly record[ing]" the interest, i.e., recording before the previously created interest is recorded. (Civ. Code, §§ 1107, 1213, 1214; see 5 Miller & Starr, Cal. Real Estate, *supra*, § 11:3, p. 11-20; *Hochstein v. Romero* (1990) 219 Cal.App.3d 447, 451 [268 Cal.Rptr. 202] [bona fide purchaser who acquires interest in real property without notice of another's rights in the property, takes property free of such unknown rights].)

██ " 'The elements of bona fide purchase are payment of value, in good faith, and without actual or constructive notice of another's rights. [Citation.]' [Citation.]" (*Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 364 [262 Cal.Rptr. 630], italics omitted.) " 'The absence of notice is an essential requirement in order that one may be regarded as a bona fide purchaser.' [Citation.]" (*Ibid.*)

Constructive notice is a legal " 'fiction.' " (*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1867 [37 Cal.Rptr.2d 63].) For constructive notice to be conclusively presumed, the instrument or document must be "recorded as prescribed by law." (Civ. Code, § 1213;[2] see *Hochstein v. Romero, supra*, 219 Cal.App.3d at p. 452; accord, *Lewis v. Superior Court, supra*, at p. 1866.) The phrase "recorded as prescribed by law" means the instrument must be indexed. (*Hochstein v. Romero, supra*, at p. 452; see *Cady v. Purser* (1901) 131 Cal. 552, 556–557 [63 P. 844].)[3] " 'A document not *indexed* as required by statute (see Gov. Code, §§ 27230–27265), does not impart constructive notice because it has not been recorded *"as prescribed by law."* ' [Citation.]" (*Lewis v. Superior Court, supra*, at p. 1866, italics added.) For more than a century it has been the law in California that a party does not have constructive notice of a recorded instrument until that document has been properly indexed so it can be located through a search of the public records. (*Dyer v. Martinez* (2007) 147 Cal.App.4th 1240, 1243 [54 Cal.Rptr.3d 907]; *Watkins v. Wilhoit* (1894) 104 Cal. 395, 399–400 [38 P. 53].)

Stated otherwise, constructive notice of an interest in real property is imparted by the recording *and* proper *indexing* of an instrument in the public records. (Civ. Code, § 1213; *Dyer v. Martinez, supra*, 147 Cal.App.4th at pp. 1243–1246; *Watkins v. Wilhoit, supra*, 104 Cal. at pp. 399–400; *Cady v. Purser, supra*, 131 Cal. at p. 557; *Hochstein v. Romero, supra*, 219 Cal.App.3d at p. 452; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433 [71 Cal.Rptr.2d 295].) The *recording* of a document does

---

[2] Civil Code section 1213 reads: "Every conveyance of real property or an estate for years therein acknowledged or proved and certified *and recorded as prescribed by law* from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchasers and mortgagees; and a certified copy of such a recorded conveyance may be recorded in any other county and when so recorded the record thereof shall have the same force and effect as though it was of the original conveyance and where the original conveyance has been recorded in any county wherein the property therein mentioned is not situated a certified copy of the recorded conveyance may be recorded in the county where such property is situated with the same force and effect as if the original conveyance had been recorded in that county." (Italics added.)

[3] Civil Code section 1213, establishing how instruments impart constructive notice, uses the phrase "recorded as prescribed by law," meaning indexing. By contrast, Civil Code sections 1107 and 1214, establishing the race-notice system of lien priorities in California, utilize the phrase "first duly recorded."

not impart constructive notice; "[t]he operative event [for purposes of constructive notice] is actually the indexing of the document . . . ." (*Lewis v. Superior Court, supra*, 30 Cal.App.4th at p. 1866.)

3. *Plaintiff's and defendant's trust deeds are deemed recorded at the same time and neither bank is a subsequent purchaser.*

Applying these rules to the facts here, the undisputed evidence shows that plaintiff's and defendant's trust deeds were both deposited before business hours on September 4, 2008, and hence received the following stamp: "Recorded/Filed" with the same date and time: September 4, 2008, "AT 08:00AM." Pursuant to Civil Code section 1170, both trust deeds are "deemed" recorded simultaneously.

Defendant argues that plaintiff failed to carry its burden in moving for summary judgment because plaintiff lacked evidence about when the trust deeds were *deposited* in the recorder's office. (Civ. Code, § 1170.) In its separate statement, plaintiff asserted as fact No. 15 that the banks' trust deeds "were all delivered to the Recorder's Office by title insurance company representatives at approximately 6:00 a.m. on September 4, 2008." Plaintiff supported fact No. 15 with excerpts from Tregg's deposition. Defendant argues that, where the trial court sustained its objection to Tregg's testimony in support of fact No. 15, there is no evidence about when the documents were actually deposited.

██ Plaintiff has carried its burden. Plaintiff's undisputed evidence shows that the title insurance companies deposited both trust deeds in the recorder's office sometime *before* business hours, as permitted by most recorders' offices across the state. According to this practice, instruments deposited before business hours are processed and given an 8:00 a.m. recording time. We give "great weight" to "contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and interpretation. [Citation.]" (*Andal v. Miller* (1994) 28 Cal.App.4th 358, 364, fn. 3 [34 Cal.Rptr.2d 88].) Based on the Los Angeles County Recorder's Office's application of Civil Code section 1170, plaintiff carried its burden to demonstrate indisputably that the deeds of trust at issue were "deposited in the Recorder's office . . . for record" on September 4, 2008, at 8:00 a.m. Therefore, the trust deeds are deemed recorded at the same time (Civ. Code, § 1170). It follows then that because both trust deeds were executed on the same day and are deemed recorded simultaneously, neither bank is a subsequent purchaser. (See Civ. Code, §§ 2897, 1107, 1214.)

Defendant next challenges the trial court's decision to overrule its objections to Tregg's deposition testimony that the deeds of trust were " '*recorded*

on September 4, 2008 at 8:00 a.m.' " (Italics added.) Defendant argues "[t]he statement that the deed of trust was recorded on September 4, 2008 at 8:00 a.m. is a legal conclusion on an ultimate issue of law." The clear import of the above quoted statement, however, is that according to long-standing policy, the recorder deemed plaintiff's and defendant's trust deeds to have been deposited at 8:00 a.m. Consequently, pursuant to Civil Code section 1170, the instruments were recorded at 8:00 a.m.

To summarize, plaintiff's and defendant's trust deeds were recorded concurrently, with the result neither instrument was *"first* duly recorded" and neither bank is a subsequent purchaser. Necessarily, therefore, plaintiff's and defendant's trust deeds have equal priority (Civ. Code, §§ 1107, 1214). The trial court's ruling was not error.

> 4. *Recording and indexing are different functions and so priority in this case cannot depend on the time of indexing.*

Defendant would like us to break the tie, so to speak, and establish one trust deed as being first in time. Toward that end, defendant contends priority is determined by the "order in which they [(the trust deeds)] are *indexed"* and because defendant's trust deed was indexed four hours earlier than that of plaintiff, defendant's instrument was first in time. (Italics added.)

Although courts conflate the two duties, recording and indexing are separate and distinct functions. (*Lewis v. Superior Court, supra,* 30 Cal.App.4th at p. 1866; *Ricketts v. McCormack* (2009) 177 Cal.App.4th 1324, 1327 [99 Cal.Rptr.3d 817].) *Ricketts* held that the recorder's obligation under Civil Code section 2941, subdivision (c) to "stamp and record" within two business days the full reconveyance of an obligation secured by a trust deed (*Ricketts v. McCormack, supra,* at p. 1327 & fn. 1) did not inherently include indexing the document to give notice. (*Id.* at p. 1332.) *Ricketts* stated the recorder "is required to do nothing more than 'stamp and record' reconveyances; he or she is not required to 'stamp, record *and index*' them." (*Ibid.,* original italics.)

■ The Legislature has established recording and indexing as two distinct functions. (*Ricketts v. McCormack, supra,* 177 Cal.App.4th at p. 1327.) Comparing the Government Code provisions prescribing the general duties of the county recorder (see Gov. Code, § 27201 et seq.), *Ricketts* determined that the statutes concerning recording *"make*[] *no mention of indexing the document as part of the task of recording."* (*Ricketts v. McCormack, supra,* at p. 1332, italics added.) By contrast, indexing "is separately specified in Government Code section 27324." (*Ibid.*) The provisions dealing with indexing list detailed tasks, such as indexing instruments by title and maintaining

categories of indices (Gov. Code, §§ 27232 [grantors], 27233 [grantees], 27234 [mortgagors], 27235 [mortgagees], 27236–27256 [additional indexing requirements], 27257, subd. (b) [alternative general index]). These indexing provisions, *Ricketts* observed, are *"prescribed as an entirely independent duty of the recorder."* (*Ricketts v. McCormack, supra,* at p. 1332 & fn. 8, italics added [noting several other contexts in which this distinction holds true].) Indeed, the statute imposing penalties on recorders for improper recording distinguishes between indexing and recording. (Cf. Gov. Code, § 27203, subds. (a)(1) & (c).)[4] Finally, *Ricketts* noted that " '[t]he dictionary definition of "record" is "to set down for preservation in writing or some other form," or "to register." [Citation.] "Indexing," by contrast, is the act of entering something onto an index, which is "something serving to guide, point out, or otherwise aid reference." ' " (*Ricketts v. McCormack, supra,* at p. 1332, fn. 7, citing Webster's II New College Dict. (3d ed. 2005) p. 949.) Therefore, as recording and indexing are separate functions, an instrument can be classified as "recorded" before it is indexed.

In addition to segregating recording and indexing as two separate functions, the Legislature imposes a time requirement on the duty of recording, but not on the task of indexing. Government Code section 27320 directs the recorder to "record [an instrument] *without delay,"* and to endorse on it "in the order in which it is deposited" the date, *"hour, and minute of its reception"*; but the Legislature has assigned no particular speed to indexing. (Italics added.) Clearly, the fact the Legislature directs that recording be achieved expeditiously and identify the time of recording to the minute, indicates that it views recording as an extremely time-sensitive function. Meanwhile, the recorder is not required to index an instrument within any particular time. Therefore, it would disrupt the statutory scheme to make priority turn on the random act of indexing, as defendant advocates, especially where banks and title insurers have no influence over when the recorder indexes trust deeds. (Cf. *Dyer v. Martinez, supra,* 147 Cal.App.4th at p. 1247 [recognizing public has no control over when the recorder indexes instruments].)

### 5. *The time of indexing does not aid defendant.*

As explained, a bona fide purchaser can obtain priority if it acquires its property interest without notice of a previously created interest and first duly records. (Civ. Code, §§ 1107, 1213, 1214; 5 Miller & Starr, Cal. Real Estate, *supra,* § 11:3, pp. 11-19 to 11-20.) Here, neither bank had actual notice of the other lienor's interest in the property. More important, both banks acquired their property interests *without* constructive notice. Nor *could* they have had constructive notice because at the time of recordation, neither trust deed had

---

[4] See also footnote 3, *ante.*

been indexed, i.e., "recorded as prescribed by law." (Civ. Code, §§ 1107, 1213, 1214; *Dyer v. Martinez, supra,* 147 Cal.App.4th at pp. 1243–1246; *Lewis v. Superior Court, supra,* 30 Cal.App.4th at p. 1866; *Hochstein v. Romero, supra,* 219 Cal.App.3d at p. 452.) A search of the public records at 8:00 a.m. would not have uncovered these unindexed instruments. Both banks, hence, were bona fide purchasers for valuable consideration who took without notice.[5] However, priority could not turn on indexing here because, as explained, the banks' instruments were recorded simultaneously and so neither party had a previously created interest—or was a subsequent purchaser—and neither party "first duly recorded." (Civ. Code, §§ 1107, 1213, 1214; 5 Miller & Starr, Cal. Real Estate, *supra,* § 11:3, p. 11-20.)

### 6. *The authorities relied on by defendant are distinguished.*

Defendant cites *Cady v. Purser, supra,* 131 Cal. 552, *Dougery v. Bettencourt* (1931) 214 Cal. 455 [6 P.2d 499], and *Hochstein v. Romero, supra,* 219 Cal.App.3d 447 to argue that instruments creating interests in real property "must be indexed in order to be recorded," and that "simply depositing such instruments with the recorder [pursuant to Civil Code section 1170] is insufficient."

*Dougery* explained, Civil Code section 1170 "has no application to the recording of instruments *which are intended to give third persons constructive notice. . . .*" (*Dougery v. Bettencourt, supra,* 214 Cal. at p. 463, italics added, citing *Cady v. Purser, supra,* 131 Cal. 552.) "[F]or a recorded instrument to be constructive notice to subsequent purchasers or mortgagees, the instrument must be actually recorded, and that a *mere deposit* of the instrument with the recorder is not sufficient." (*Dougery v. Bettencourt, supra,* at p. 463, italics added.)

*Dougery, Cady,* and *Hochstein* did not involve the question of determining priority of liens among concurrent purchasers. These cases concerned the impact on *subsequent purchasers* of improperly indexed instruments that did not impart notice. (*Cady v. Purser, supra,* 131 Cal. at pp. 554–555; *Dougery v. Bettencourt, supra,* 214 Cal. at pp. 458–459; *Hochstein v. Romero, supra,* 219 Cal.App.3d at p. 453.) Thus, none of these cases stands for the proposition that indexing is a prerequisite to establishing priority. *Dougery, Cady,* and *Hochstein* are additionally distinguished insofar as they suggest that merely depositing an instrument with the recorder under Civil Code section 1170 is insufficient and that the instrument must be indexed as well as recorded to be effective. Unlike those cases, the trust deeds here were not merely deposited;

---

[5] The parties do not dispute they paid valuable consideration for their liens.

they were recorded as required by the modern recording statutes[6] as they were examined and cashiered, as well as endorsed with the date, hour, and minute of their receipt. (Gov. Code, §§ 27201, 27320.) Thus, plaintiff's and defendant's trust deeds are classified as recorded at 8:00 a.m. even though they were not yet indexed at that time.

■ Our Supreme Court explained in 1894, "So far as creditors are concerned the law is satisfied if the assignment is recorded in the county where the debtor resides; but to be effective against *subsequent* purchasers or mortgagees . . . *it must be so recorded as to give them constructive notice. To determine what will give such constructive notice we look to section 1213 et seq., of the Civil Code, but to determine what is recording without reference to the question of notice to subsequent purchasers we look to section 1170 of the Civil Code.*" (*Watkins v. Wilhoit, supra,* 104 Cal. at pp. 399–400, italics added.) Here, "to determine what is recording *without reference to the question of notice,*" as we are asked to do, "we look to section 1170 of the Civil Code," as we have done. (*Watkins v. Wilhoit, supra,* 104 Cal. at p. 400, italics added.) The half-day delay before indexing simply means that plaintiff's and defendant's trust deeds did not give constructive notice to the other party or to any subsequent purchaser or mortgagee, during that lacuna.

Instead, we are persuaded by *Dyer v. Martinez, supra,* 147 Cal.App.4th 1240 and *Lewis v. Superior Court, supra,* 30 Cal.App.4th 1850. In *Dyer,* the sellers of real property canceled the sale to the plaintiff and entered into another agreement to sell to a new buyer. The plaintiff sued for specific performance based on her sales agreement and filed a lis pendens with the recorder's office for recording. The lis pendens was recorded on September 9, 2004. On September 10, 2004, escrow closed on the sale of the property to the new buyer. Four days later, on September 14, 2004, the lis pendens was indexed. (*Dyer v. Martinez, supra,* at pp. 1242–1243.) The appellate court in *Dyer* affirmed the trial court's order granting summary judgment in favor of the new buyer and ordering the lis pendens expunged. *Dyer* held the new buyer had no constructive notice of the lis pendens because at the time his escrow closed, the lis pendens was not indexed. (*Id.* at pp. 1243–1246.) On similar facts, *Lewis* held, inter alia, that the purchasers took free and clear of a lis pendens that was indexed after the purchasers closed escrow, because the unindexed lis pendens did not give constructive notice. (*Lewis v. Superior Court, supra,* 30 Cal.App.4th at pp. 1866–1867.) *Lewis* distinguished between recording and indexing by declaring, "It is a common misperception, which the trial court evidently shared, that a *recorded document* imparts constructive

---

[6] See *Hochstein v. Romero, supra,* 219 Cal.App.3d at page 453 (noting the statutory rules governing the mechanics of recording and indexing documents have changed since *Cady*).

notice from the moment it is *recorded*. That is not the law. The operative event is actually the indexing of the document . . . ." (*Id.* at p. 1866, italics added.)

To be sure, indexing is essential for imparting constructive notice to defeat the claims of bona fide subsequent purchasers. (*Lewis v. Superior Court, supra*, 30 Cal.App.4th at p. 1866.) Hence, while title insurance companies are permitted to deposit trust deeds with the recorder before commencement of business hours to be certain of the 8:00 a.m. recording time, those insurers also take the risk they will not have notice of other instruments deposited at the same time and not yet indexed. For the foregoing reasons, the trial court did not err in ruling that the trust deeds here have equal priority.

### DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

Klein, P. J., and Croskey, J., concurred.