Filed 7/2/14  JP Morgan Chase Bank v. Greenberg CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JP MORGAN CHASE BANK etc.,<br><br>            Plaintiff and Respondent,<br><br>v.<br><br>BERNARD GREENBERG,<br><br>            Defendant and Appellant. | 2d Civil No. B246079<br>(Super. Ct. No. 56-2011-00391727-CU-OR-VTA)<br>(Ventura County) |

This appeal is about competing lien claims and California's "first in time, first in right" system of lien priorities.  (*First Bank v. East West Bank* (2011) 199 Cal.App.4th 1309, 1313 [discussing Civ. Code, § 2897].)  JP Morgan Chase (Chase) owns a $265,000 deed of trust that was recorded more than a year before Bernard Greenberg perfected a $153,310.35 judgment lien on a Thousand Oaks condominium.  The trial court found that Chase was a good faith encumbrancer for value and made the $265,000 loan "without actual or constructive notice of whatever inchoate interest [appellant] may have had or hoped to have" in the property.  Greenberg appeals.  We affirm.

*Facts and Procedural History*

In 2001 Zohreh Khabushani (Zohreh) acquired title to the Thousand Oaks property based on a quitclaim deed from Paramount Group, Inc. (PGI) to Zohreh, "a married woman as her sole and separate property."  In 2003, Chase's predecessor in interest,

Washington Mutual Savings (WaMu), loaned Zohreh $265,000 and recorded a deed of trust on the property.

On June 3, 2005, appellant obtained a $153,310.35 judgment against PGI and Zohreh's husband, Michael Khabushani, in Los Angeles County Superior Court. (*Paramount Group, Inc. v. Greenberg,* Los Angeles County Sup. Ct. Case No. BC-305818.)

On September 7, 2005, appellant filed a creditor's action to enforce the judgment. (*Greenberg v. Khabushani et al.*, Ventura County Sup. Ct. Case No. SC-043980.) WaMu/Chase was not a defendant in the action. Appellant prevailed and recorded a June 30, 2008 judgment stating that Zohreh "is a third person who has property in which Defendants, **Mike Khabushani** and **Paramount Group, Inc,** have an interest. . ."

In 2011, Chase sued for declaratory relief on the ground that the judgment lien was subordinate to Chase's deed of trust. The trial court found that the 2001 quitclaim deed to Zohreh was ambiguous and received evidence concerning two recitals in the deed.[1] Next to the recital "THE UNDERSIGNED GRANTOR(s) DECLARE(s) DOCUMENTARY TRANSFER TAX  $NONE ," is the handwritten notation:  "the Grantee are [sic] sole owner and shareholder of the Grantor Corporation, and proportionate interests have not changed." A second recital states: "The grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property, R & T 11923(d)."

The trial court found that the recitals had no bearing on the interest conveyed and were put in the quitclaim deed to avoid paying a documentary transfer tax. The court concluded that Chase was a bona fide encumbrancer and made the loan without actual or constructive notice of PGI's purported interest in the property. Judgment was entered declaring that the Chase $265,000 deed of trust is superior and senior to any interest held by appellant in the property.

*Substantial Evidence*

---

[1] A copy of the 2001 quitclaim deed is attached as Exhibit A.

The grant or denial of declaratory relief rests in the trial court's sound discretion and will not be disturbed on appeal absent a showing of clear abuse of discretion. (*Hannula v. Hacienda Homes* (1999) 34 Cal.2d 442, 448.) " '[T]o the extent the trial court had to review the evidence to resolve disputed factual issues, and draw inferences from the presented facts, [we] review such factual findings under a substantial evidence standard.' [Citation.]" (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 390.)

*Deed Recitals*

Appellant contends that the 2001 quitclaim deed is conditional because it recites that "the Grantee [i.e., Zohreh] are (sic) sole owner and shareholder of the Grantor Corporation, and proportionate interests have not changed." Appellant argues that the deed recital put WaMu/Chase on notice that PGI retained an ownership interest in the property, thus destroying WaMu's/Chase's status as a good faith encumbrancer.

" 'A good faith encumbrancer for value who first records takes its interest in the real property free and clear of unrecorded interests. [Citations.] "An encumbrancer in good faith and for value means a person who has taken or purchased a lien. . . and who has parted with something of value in consideration thereof. [Citation.] . . . [A] '*good faith*' encumbrancer is one who acts *without knowledge or notice* of competing liens on he subject property. [Citations.]" [Citation.] ' " (*Triple A Management Co. v. Frisone* (1999) 69 Cal.App.4th 520, 530.)

It is uncontroverted that WaMu/Chase loaned $265,000 to the record title holder, Zohreh, and recorded the trust deed more than a year before appellant obtained the Los Angeles County Superior Court judgment against PGI. In the 2005 creditor's action, the court found that PGI "has an interest in the Triunfo property equal to the interest that was transferred to Zohreh by Paramount. . ."[2] Chase, however, was not a party to the creditor

---

[2] The  statement of decision in the creditor's action states that Zohreh bought the property from PGI for $435,000, of which $358,000 was borrowed money. On October 17, 1991, Michael Khabushani and Zohreh, as PGI officers, "executed a quitclaim deed in favor of Zohreh for this property. The deed as recorded on October 25, 2001 contains language not present when the quitclaim was signed  The additional language recites that the grantee are

action.  Code of Civil Procedure section 764.045 provides "the judgment does not affect a claim in the property or part thereof of any person who was not a party to the action if any of the following conditions is satisfied:  [¶]  (a) . . . at the time the judgment was recorded." The trial court correctly found that the 2005 judgment against PGI is not binding on Chase and has no collateral estoppel effect.  (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 662, p. 89; see e.g., *Deutsche Bank National Trust Co. v. McGurk* (2012) 206 Cal.App.4th 201, 212.)

*Documentary Transfer Tax Recitals*

The 2001 quitclaim deed states that PGI "remise[s], release[s] and forever quitclaim[s]" the property to Zohreh but recites: "The grantors and the grantees in the conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property, R & T 11923(d)."  The trial court correctly found that the deed recital was ambiguous and received parol evidence.  (See e.g., *City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 238.)  Where the extrinsic evidence is in conflict, we will uphold any reasonable interpretation of the deed that is supported by substantial evidence.  (*WYDA Associates v. Merner* (1996) 42 Cal.App.4th 1702, 1710.)  "Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact . . . ."  (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)

Appellant argues that the reference to Revenue and Taxation Code section 11923 shows that PGI retained an interest in the property.  The California Documentary Transfer Tax Act provides that a county recorder may impose a tax on any deed or instrument by which land in the county is transferred or conveyed.  (Rev. & Tax. Code, § 11911, subd. (a); Miller & Starr, Cal. Real Estate (3d ed. 2011) § 11.14, pp. 11-68 to 11-69.) Revenue and Taxation Code section 11923, subdivision (d) (now subdivision (a)(4))

---

[sic] sole owners and shareholders of the Grantor Corporation (Paramount), and proportionate interests have not changed."

provides for a documentary transfer tax exemption where a change in identity, form, or place of organization of a corporation is effected. That isn't what happened to PGI. It took no leap in logic for the trial court to conclude that the deed reference to "R & T 11923(d)" is a typo and should read "R & T 11925(d)." Revenue and Taxation Code section 11925, subdivision (d) provides that no documentary transfer tax shall be imposed "by reason of any transfer between an individual or individuals and a legal entity . . . that results solely in a change in the method of holding title to the realty and in which proportional ownership interests in the realty . . . remain the same immediately after the transfer." The evidence shows that the deed recital was a tax dodge.

*Fee Simple Grant*

Richard D. Marks, a real estate expert, opined that the deed recitals did not limit the conveyance to Zohreh. Marks explained, "it's a statement that[] -- the property is not subject to the Documentary Transfer Tax. It's not a word or conveyance. It's not a grant. It's not a release. It's not a remise. It's simply a statement by Paramount Group, Inc. that there is no Documentary Transfer Tax . . . . [¶] That is not conveyancing language." The quitclaim deed states that PGI "hereby remise[s], release[s] and forever quitclaim[s]" the property to Zohreh.

Marks' testimony, the quitclaim deed, the loan documents, and the 2001 preliminary title report show that WaMu/Chase was a good faith encumbancer for value. The words of the grant, i.e., that PGI "hereby remise[s], release[s] and forever quitclaim[s] to Zohreh" is without limitation and reserves no property interest to PGI. (Civ. Code, § 1105 [fee simple presumptively granted]; *Moore v. Hoar* (1938) 27 Cal.App.2d 269, 276.)

Deed recitals operate as an estoppel and bind only the parties to the instrument and their privies (Evid. Code § 622) but not an innocent third party or one holding senior title. (*Huntington v. Donovan* (1920) 183 Cal. 746, 753.) "If there is some ambiguity in the deed, . . . the court may interpret the grant in accordance with the rules of construction codified in the Civil Code. For example, . . . a clear and distinct limitation in a grant is not controlled by other words which are less clear and distinct (Civ. Code, § 1067); a grant is to

be interpreted in favor of a grantee, but a reservation in a grant is to be interpreted in favor of the grantor (Civ. Code, § 1069); if several parts of a grant are absolutely irreconcilable, then the former of the irreconcilable parts prevails (Civ. Code, § 1070); and most importantly, a fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended (Civ. Code, § 1105)." (*Machado v. Southern Pacific Transportation Co.* (1991) 233 Cal.App.3d 347, 353.)

Marks testified that the recitals did not limit the conveyance and the quitclaim deed utilized standard conveyance language. Appellant's expert, Emmett Bossard, admitted that the quitclaim deed was not defective on its face but stated "I personally feel that the deed is void." The trial court discredited Bossard's testimony. On review, we are precluded from reweighing the evidence or determining credibility. "[I]t is a well-settled legal doctrine that when the construction given an instrument by a trial court appears to be reasonable and consistent with the intention of the parties making it, courts of appellate jurisdiction will not substitute another interpretation, even though it seems equally tenable. [Citations.]" (*In re Wilson's Estate* (1940) 40 Cal. App.2d 229, 234.)

*Doctrine of Estoppels*

Deed recitals do not constitute estoppels where they are immaterial and not essential to the conveyance. (*Ingersoll v. Truebody* (1871) 40 Cal. 603, 610; *Moffitt v. Bulson* (1892) 96 Cal. 106, 110.) In *Osborne v. Endicott* (1856) 6 Cal. 149, our Supreme Court held that "recitals in a deed bind all persons who are parties or privies thereto, but this rule does not extend to that which is a mere description, or an averment which is not essential. The doctrine of estoppels has always been construed with great strictness, because loose statements or recitals may often, so far from expressing the truth (which no one should be permitted to deny), exclude the party from setting it up." (*Id.*, at p. 153.)

Here the "loose" recital, typo and all, was to avoid a documentary transfer tax. It was superfluous to the conveyance but came with a penalty. In 2008, the court in the creditor's action found: "The deeds say what they say, and absent evidence as to who put

6

the [recital] language on the deeds and why it was placed on the deeds, Mike and Zohreh as the signatory parties and beneficiary to the transfer are stuck with it."

*Conclusion*

Zohreh may be "stuck" with the judgment lien but WaMu/Chase should not suffer by the act of another. (Civ. Code, § 3520.) WaMu/Chase relied on a preliminary title report that showed clear title, loaned Zohreh $265,000, and took back a promissory note secured by a deed of trust more than four years before appellant perfected his judgment lien. Under California system of lien priority first in time, is first in right. (Civ. Code, § 2897; *Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1099.) The trial court did not err in finding that Chase is a good faith encumbrancer for value and holds a $265,000 trust deed superior to appellant's judgment lien.

The judgment is affirmed. Chase is awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

8

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Mark Henry Shafron, for Appellant.

S. Christopher Yoo, Mariel A. Gerlt and Alvarado Smith, for Respondent.

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL DEED AND
TAX STATEMENT TO:
Zohreh Khabushani
128 Auburn Court #202
Westlake Village, CA 91362

IIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIII
Ventura, County Recorder
RICHARD D. DEAN
DOC- 2001-0212902-00
Acct 5-Fidelity National Title Company
Thursday, OCT 25, 2001 08:00:00
Ttl Pd    $7.00    Nbr-0080554015
LSF/C3/1-1

A.P.N.: 696-0-243-125          Order No.: 603138

Space Above This Line for Recorder's Use Only
Escrow No.: 78387-D

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) DOCUMENTARY TRANSFER TAX  **$NONE**
[  ]   computed on full value of property conveyed, or
[  ]   computed on full value less value of liens or encumbrances remaining at time of sale,
[  ]   unincorporated area:   [  ] City of ___, and

*the Grantee are sole owner and shareholder of the Grantor Corporation, and proportionate interest have not changed*

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
Paramount Group, Inc.

hereby remise, release and forever quitclaim to
**Zahreh Khabushani, a married woman as her sole and separate property**

the following described property in the City of THOUSAND OAKS County of VENTURA State of California:

**LOT 349 OF TRACT NO. 1967-2, COUNTY OF VENTURA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 54, PAGE(S) 1 TO 11 INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

The grantors and the grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property. R & T 11923(d).

Paramount Group, Inc.

Zohreh Khabushani, Secretary

Michael Khabushani, President

Document Date:    October 17, 2001

STATE OF CALIFORNIA          )ss
COUNTY OF  Los Angeles       )
On      10-17-01        before me,      Debra Lynn Riehl
personally appeared     Zohreh Khabushani and Michael Khabushani
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature



DEBRA LYNN RIEHL
Commission # 1316222
Notary Public - California
Los Angeles County
My Comm. Expires Aug 14, 2004

This area for official notarial seal.